COTTONWOOD DITCH CO., Respondent, *v.* THOM, Appellant.

(No. 2,631.)

(Submitted May 5, 1909. Decided May 14, 1909.)

[101 Pac. 825.]

*Quieting Title—Waters and Water Rights—Ditches Across Unoccupied Public Lands—Rights Acquired—Subsequent Homestead Entry—Decree—Injunctive Relief—Pleadings—Answer—Striking of Allegation.*

Water Rights—Ditches Across Public Lands—Vested Rights—Subsequent Homestead Entry—Effect.
    1. Where the construction of plaintiff's ditch over unoccupied public land was completed, and its predecessors in interest were in possession of it at the time defendant made a homestead filing on such land, the latter took the homestead subject to the right of way for the former's ditch (U. S. Comp. Stats., 1901, secs. 2339, 2340), even though water had not been appropriated or actually conveyed through it until after defendant's filing.

Same—Quieting Title—Decree—Injunctive Relief—When Proper.
    2. Where, in an action to quiet title to the right of way for an irrigation ditch, the court found that the ditch and right of way therefor were the property of plaintiff and that defendant had wrongfully interfered therewith, it did not err in incorporating in its decree an order

restraining defendant from further interference. Plaintiff was entitled to complete relief.

Same—Pleadings—Answer—Motion to Strike.
3. Nor did the court err in striking from defendant's answer an allegation that defendant had received nothing on account of the construction of the ditch over his land, and that, if maintained, he would be damaged in a certain sum. Plaintiff's ditch having been completed before any rights of defendant to the land traversed by it had accrued, he suffered no injury because of plaintiff's continued use of the ditch, and no rights of defendant were violated.

*Appeal from District Court, Carbon County; Sydney Fox, Judge.*

ACTION by the Cottonwood Ditch Company against Charles Thom. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. W. L. Hyde,* and *Mr. Harry A. Groves,* for Appellant.

Before any person can acquire any rights in a right of way over the public domain he must have a vested and accrued water right. The right of way is to be used in connection with the water right. It is simply incident thereto. (United States Rev. Stats., sec. 2339; *Jennison* v. *Kirk,* 98 U. S. 453, 25 L. Ed. 243; *Nipple* v. *Forker,* 26 Colo. 74, 56 Pac. 578; *Taylor* v. *Abbott,* 103 Cal. 421, 37 Pac. 408.) An appropriation of water is not complete until the water is actually applied to a beneficial use. In this state if an appropriator fails to comply with sections 1886 and 1887 of the Civil Code, his water right vests only upon an actual application of the water to a beneficial use. If he complies with these sections, then his water right vests as of the date of posting the notice. (*Murray* v. *Tingley,* 20 Mont. 26, 50 Pac. 723.) After appellant made his filing, no ditch or right of way could be acquired over the same by respondent under the Act of 1866. (*Sturr* v. *Beck,* 133 U. S. 541, 33 L. Ed. 761.)

*Mr. George W. Pierson,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

Action to quiet title to the right of way for a ditch, alleged to belong to the plaintiff, and for a perpetual injunction re-

straining the defendant from interfering with the ditch and the right of way therefor. The district court of Carbon county entered its decree in favor of the plaintiff adjudging it to be the owner of the ditch and the right of way therefor and restraining defendant from interfering therewith, and from such decree an appeal is taken.

It appears that plaintiff is a corporation, and its stockholders are land owners whose lands require water in order to raise crops thereon, and the ditch in question is designed to convey the waters of the Clark's Fork river for that purpose. It also appears that the defendant made a homestead filing on April 10, 1901; that the construction of the Cottonwood ditch was begun in June, 1899, and prosecuted with reasonable diligence; that the ditch was constructed and completed across the land now owned by the defendant, before he filed thereon, to-wit, in September, 1900, and the predecessors in interest of the plaintiff were in possession of the ditch and the right of way therefor when defendant made his filing; that in 1902, after defendant filed on his homestead, the predecessors in interest of the plaintiff filed a written notice of appropriation of water to be conveyed through the ditch, and first conveyed water across defendant's land, through the ditch in the same year; that since the fall of 1901 defendant has been in actual possession of the land filed on by him as a homestead "save and except land occupied by and as right of way of Cottonwood ditch." These matters appear from the court's findings of fact.

1. It is contended that plaintiff has no right in the land in question, for the reason that its predecessors in interest acquired no vested rights prior to the time when water was actually conveyed through the ditch for beneficial purposes, which was subsequent to the date of defendant's homestead filing. We are of opinion that this contention cannot be upheld. Section 2339, United States Compiled Statutes (1901, Vol. 2), reads as follows: "Whenever by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowl-

edged by the local customs, laws, and decisions of the courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed; but whenever any person, in the construction of any ditch or canal, injures or damages the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage." In 1870 section 2340 was enacted, as follows: "All patents granted, or pre-emption or homesteads allowed, shall be subject to any vested and accrued water rights, or rights to ditches and reservoirs used in connection with such water rights, as may have been acquired under or recognized by the preceding section."

It seems clear to us that the Congress, in these two sections, not only recognized and acknowledged all such vested and accrued water rights, including all ditches and reservoirs used in connection therewith, as were recognized and acknowledged by the local customs, laws, and decisions of the courts, and intended that all such rights should be maintained and the owners thereof protected (see *Jennison* v. *Kirk*, 98 U. S. 453, 25 L. Ed. 240) ; but that, in addition thereto, it recognizes and acknowledges the necessity for the preliminary work of construction of ditches and canals, in preparation for the conveyance and use of water, and confirms, in the person engaged in such work of construction, on unoccupied public lands, before his right to the use of water has actually vested and accrued, a right of way in the land over which the ditch or canal is being constructed. In other words, that the Congress plainly acknowledges a right of way for the ditch or canal as fast as the work progresses and before water is turned in, and such acknowledgment, from so supreme authority, amounts to a grant of the right of way to those who, in good faith, prosecute the work of construction, over unoccupied public lands, with reasonable diligence to completion, for the purpose of applying the completed ditch or canal to a beneficial use. Plaintiff's ditch was completed across the land in question,

and plaintiff's predecessors were in possession of the same, at the time defendant made his homestead filing. This being so, it follows that defendant took his homestead subject to the right of way for plaintiff's ditch, and that the district court was correct in adjudging that plaintiff was entitled to have its rights confirmed and its title quieted.

2. But it is urged that the court erred in incorporating in its decree an order restraining the defendant from interfering with the plaintiff's ditch and right of way. We find no error in this action of the court. The findings disclose the fact that defendant has interfered with plaintiff's use of the ditch across his land. It became the duty of the district court to afford plaintiff complete relief from the wrongful acts of the defendant. As the ditch and right of way therefor are the property of the plaintiff, the defendant is not aggrieved by an order requiring him to refrain from interfering therewith. (*Kittle* v. *Bellegarde,* 86 Cal. 556, 25 Pac. 55.) Not only that, but the injunction order was a substantial part of the relief to which the plaintiff under the circumstances was entitled. The statute (section 6870, Revised Codes) gives the action to determine adverse claims to real property. Courts of equity have jurisdiction of the action. (*Montana Ore Pur. Co.* v. *Boston & Mont. Con. C. & S. Min. Co.,* 27 Mont. 288, 70 Pac. 1114.) Complete relief should be administered. (16 Cyc. 106; *Hamilton* v. *Fond du Lac,* 25 Wis. 490.) In the case of *Brooks* v. *Calderwood,* 34 Cal. 563, Chief Justice Sawyer, delivering the opinion of the court, said: "The very object of the suit was to determine whether the defendants had any just claim or title to the premises as against plaintiff, and settle the question forever. The court has determined that they have none, and we see no reason why it may not make its judgment effectual by restraining the defendants from further setting up a false claim. It has been judicially determined that defendants have no just claim, estate, or interest in a portion of the land, and, as to that portion, there is no reason why the plaintiff should be permitted to be further harassed by them." The purpose of the statute is

to compel a defendant who asserts an adverse claim to real property to come into court and have the matter finally determined, to the end that, if the claim is found to be invalid, it may be annulled and held for naught, and the plaintiff relieved from the annoyance, not only of the claim itself, if there is tangible evidence of its existence, but also of the assertion of the same, in future, by the defendant. (See 6 Pomeroy's Equity Jurisprudence, sec. 739.)

3. The defendant in his answer alleged, among other matters: That the ditch "described in plaintiff's complaint" was constructed across his land without his consent; "that defendant has received nothing whatever on account of the construction of said ditch, and if it is maintained his land will be damaged in the sum of $500." The court on plaintiff's motion struck these allegations from the answer. In this we find no error. Appellant's counsel in his brief says in reference to this assignment of error: "In order that appellant could avail himself of this defense, it was necessary that he lose on the first. In other words, the defense is in fact in the alternative, saying that, if the first defense is insufficient, then, before the respondent should be allowed to recover, he should pay the damages to be suffered by appellant for the privilege of maintaining its ditch. This second defense was based upon the maxim that, 'He who seeks equity must do equity.' If the court should decide that respondent was entitled to the relief prayed for, before granting such relief he should compel the respondent to do equity; that is, to first pay appellant the damages past, present, and prospective, suffered because of the maintaining of said ditch." But this position cannot be successfully maintained, for the reason that plaintiff's ditch was fully completed across defendant's land before any rights of the defendant accrued, and, the court having determined that plaintiff was the legal owner of the ditch and the right of way therefor, no injury of which the defendant will be heard to complain was suffered by him on account of plaintiff's continued use of the ditch. The lawful maintenance and use of the ditch by its owner violate no rights of the defendant.

We have assumed that the damage claimed to have been sustained by appellant was occasioned by the original construction of the Cottonwood ditch. There is some reference in the answer and in the findings of the court to a ditch constructed by Rhodes and Hooper, or Rhodes and Ketcham; but as the testimony is not in the record, we are unable to determine that this ditch is not the same one which the court found was completed across defendant's land before he made his homestead entry.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing granted July 3, 1909.

ON REHEARING.

[Submitted October 5, 1909.  Decided October 11, 1909.]

[104 Pac. 281.]

*Waters and Water Rights—Ditches Across Public Lands—Rights of Way—Statutory Requirements—Noncompliance—Forfeiture.*

1. The right of way for a ditch, granted to plaintiff's predecessors in interest by section 2339, U. S. Comp. Stats. 1901, over public land upon which defendant made a homestead filing after the ditch was completed, was not forfeited by failure of the grantees to comply with the provisions of sections 18, 19 and 20 of the Act of 1891 (U. S. Comp. Stats., 1901, p. 1570), relative to filing certificates, maps etc.

*Messrs. Walsh & Nolan,* and *Mr. W. L. Hyde,* for Appellant.

*Mr. Geo. W. Pierson,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

After the decision on appeal in this case, May 14, 1909, counsel for the appellant filed a motion for a rehearing, calling the attention of the court, for the first time, to an Act of Congress dated March 3, 1891 (see section 2477, U. S. Comp. Stats. 1901, p. 1570), sections 18, 19, and 20 of which Act read as follows:

"Sec. 18. That the right of way through the public lands and reservations of the United States is hereby granted to any canal or ditch company formed for the purpose of irrigation and duly organized under the laws of any state or territory, which shall have filed, or may, hereafter file, with the secretary of the interior a copy of its articles of incorporation, and due proofs of its organization under the same, to the extent of the ground occupied by the water of the reservoir and of the canal and its laterals, and fifty feet on each side of the marginal limits thereof; also the right to take, from the public lands adjacent to the line of the canal or ditch, material, earth, and stone necessary for the construction of such canal or ditch: *Provided,* that no such right of way shall be so located as to interfere with the proper occupation by the government of any such reservation, and all maps of location shall be subject to the approval of the department of the government having jurisdiction of such reservation, and the privilege herein granted shall not be construed to interfere with the control of water for irrigation and other purposes under authority of the respective states or territories.

"Sec. 19. That any canal or ditch company desiring to secure the benefits of this Act shall, within twelve months after the location of ten miles of its canal, if the same be upon surveyed lands, and if upon unsurveyed lands, within twelve months after the survey thereof by the United States, file with the register of the land office for the district where such land is located a map of its canal or ditch and reservoir; and upon the approval thereof by the secretary of the interior the same shall be noted upon the plats in said office, and thereafter all such lands over which such rights of way shall pass shall be disposed of subject to such right of way. Whenever any person or corporation, in the construction of any canal, ditch, or reservoir, injures or damages the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage.

"Sec. 20. That the provisions of this Act shall apply to all canals, ditches, or reservoirs, heretofore or hereafter constructed,

whether constructed by corporations, individuals, or association of individuals, on the filing of the certificates and maps herein provided for. If such ditch, canal, or reservoir, has been or shall be constructed by an individual or association of individuals, it shall be sufficient for such individual or association of individuals to file with the secretary of the interior, and with the register of the land office where said land is located, a map of the line of such canal, ditch, or reservoir, as in case of a corporation, with the name of the individual owner or owners thereof, together with the articles of association, if any there be. Plats heretofore filed shall have the benefits of this Act from the date of their filing, as though filed under it: *Provided,* that if any section of said canal, or ditch, shall not be completed within five years after the location of said section, the rights herein granted shall be forfeited as to any uncompleted section of said canal, ditch, or reservoir, to the extent that the same is not completed at the date of the forfeiture.''

A rehearing was granted, and the cause has been reargued. The contention of the appellant now is that, having failed to comply with the provisions of the Act of 1891, the respondent and its predecessors acquired no right of way for their ditch across the land in question, for the reason that, before water was actually conveyed through the ditch, the homestead rights of appellant had attached. The respondent argues (1) that the Act of 1891 has no reference to small enterprises like the construction of its ditch, which is only seven miles long; and (2) that a failure to comply with the provisions of the Act of 1891 cannot be taken advantage of by a private person, but is a matter which concerns the federal government alone. A history of the causes which impelled the passage by the Congress of the Act of 1891 would doubtless throw considerable light upon the question of the proper construction to be placed upon that piece of legislation, but we do not deem it necessary to make the investigation. We are still of opinion that section 2339, U. S. Comp. Stats. 1901, granted a right of way for the construction of ditches across the public domain, and that the respondent's

rights, acquired by virtue thereof, were not forfeited by a failure to comply with the provisions of the Act of 1891.

We, therefore, adhere to our original decision.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY, concur.