THOMPSON CO. v. PENNEBAKER.

(Circuit Court of Appeals, Ninth Circuit. November 8, 1909.)

No. 1,700.

**1. WATERS AND WATER COURSES (§ 153*)—REQUISITES OF CONTRACT—OPTION—DESCRIPTION OF PROPERTY.**

A contract giving an option for the purchase of certain lands and water rights sufficiently described the same for identification, where it gave the section on which they were located, recited that the water rights had been appropriated by the seller under the law of Washington and recorded as required by such law in the county records, and further described the lands as sufficient lands "in and about said water rights" for the construction of a power house, etc.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 153.*]

**2. WATERS AND WATER COURSES (§ 10*)—APPROPRIATION OF WATER FROM STREAM—"BENEFICIAL USE."**

The development and maintenance of an electric power plant to be operated by water power is a "beneficial use" of the water, within the meaning of Ballinger's Ann. Codes & St. Wash. § 4099 (Pierce's Code, § 5139), and water previously appropriated from a stream under the statute may lawfully be applied to such purpose.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 10.*

For other definitions, see Words and Phrases, vol. 1, p. 749.]

**8. WATERS AND WATER COURSES (§ 31*)—TRANSFER OF OPTION TO PURCHASE—CONSTRUCTION.**

Plaintiff assigned to defendant a contract giving an option to purchase certain water rights and land connected therewith, under an agreement that, if defendant should "dispose of or use the said option to its benefit, directly or indirectly," it should pay plaintiff therefor the sum of $10,-000. Defendant organized another corporation, of which it owned all the stock, to which it assigned the option, and which took steps to acquire the property and went into possession. Held, that such action was a beneficial use of the option, which entitled plaintiff to recover the stipulated price therefor.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 31.*]

**4. WATERS AND WATER COURSES (§ 31*)—SALE OF OPTION TO BUY PROPERTY—ACTION TO RECOVER PRICE.**

Water rights acquired by appropriation of public waters and possessory rights in public lands are valuable rights, capable of being transferred, and may be a lawful subject of contracts of sale, and a defendant, which purchased an option to buy such rights, which it exercised by paying in part therefor and going into possession and expending money in developing the property, cannot defend against an action to recover the stipulated price for the option on the ground that the vendor did not have the legal title to the property.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 31.*]

In Error to the Circuit Court of the United States for the Western Division of the Western District of Washington.

Action by Edwin P. Pennebaker against the Thompson Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error, as plaintiff in the court below, brought an action at law against the plaintiff in error, defendant below, to recover the sum of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$10,000 upon an alleged breach of contract. It was alleged in the complaint that on April 24, 1905, plaintiff was the owner of a certain option and right to purchase certain lands and water rights in the state of Washington from one John L. McMurray, who was then the owner of said lands and water rights. In the agreement between the plaintiff and McMurray, dated December 12, 1904, the water rights were described as two water rights of 1,500 cubic feet each per second of time, appropriated by McMurray under the laws of the state of Washington in such case provided. One of these water rights was further described as located in section 4, township 15 N., of range 4 E. of the Willamette meridian, and recorded in the public records of water claims of Pierce and Thurston counties. The other water right was described as located in section 32, township 16 N., of range 4 E. of the Willamette meridian, and was also recorded in the public records of water rights of Pierce and Thurston counties. Among other conditions of this agreement was a provision that upon demand by the plaintiff, and upon payment to McMurray within six months of the sum of $75,000, or at any time within three months upon the payment of $60,000, or upon the payment of $10,000 within three months, then the term for the purchase price should be extended to six months, and the purchase price of said lands should be $60,000. It was further provided that in case said option, or either of them, should be consummated, McMurray would execute and deliver to plaintiff a relinquishment to the government of the United States of sufficient lands in and about said water rights for the construction of a power house and a right of way for a flume and transmission line purposes and for the development and maintenance of an electric power plant.

It was further alleged in the complaint that upon said April 24, 1905, the plaintiff entered into an agreement in writing with the defendant, whereby plaintiff for a valuable consideration sold, assigned, and transferred to the defendant all his right, title, and interest in and to the said contract and option which plaintiff had with McMurray. In this agreement the plaintiff sold, assigned, transferred, and conveyed unto the defendant all his right, title, and interest in and to the agreement and option with McMurray; and for and in consideration of this assignment the defendant agreed, for itself, its successors and assigns, that in case defendant, by itself, its agents, attorneys, or servants, should make or cause to be made any sale whatsoever under said contract, or should itself, or by its agents, attorneys, or servants, purchase said property under and by virtue of said contract, or otherwise, or in case said defendant, its successors or assigns, by itself, its agents, attorneys, or servants, should assign or cause said contract to be assigned, the defendant would pay plaintiff the sum of $10,000. It was further provided in the agreement that it was the intention of the parties thereto that in case the defendant should in any manner exercise any of the provisions of the option, or in any manner dispose of or use the said option to its benefit directly or indirectly, in such event there should immediately become due and owing from the defendant to the plaintiff the sum of $10,000.

It was alleged in the complaint that the defendant had used said option for its benefit, and had paid to McMurray, the grantor of said option, the sum of $2,000 as part of the purchase price for the lands and water rights therein described, and by virtue of said option had procured from said McMurray a certain agreement concerning the said lands and water rights. It was further alleged that defendant had sold, assigned, and transferred said contract of option and used the same to its benefit. It was alleged that this assignment by the defendant was made to the Cascade Public Service Corporation, a corporation organized and existing under and by virtue of the laws of the state of Washington. It was alleged that the defendant had never paid the sum of $10,000 provided in said agreement between plaintiff and defendant, wherefore plaintiff demanded judgment for the said amount of $10,-000. Copies of the agreement between McMurray and the plaintiff, and between the plaintiff and the defendant, and between the defendant and McMurray, were attached to the complaint and made parts thereof.

In its answer defendant denied that it ever used the options or contracts mentioned in the complaint, or assigned the same, or any part thereof, except as in the answer admitted. The admissions were the entering into the mutual

agreements between the plaintiff and defendant, and between the defendant and McMurray, as set forth in the complaint. It was alleged that at the time the defendant entered into its agreement with McMurray the plaintiff was, and for a long time thereafter continued to be, an employé of the defendant, as its engineer in charge of the properties and works proposed by the defendant to be erected in or about the water rights and land therein mentioned, and had been and was well aware and had full knowledge of and consented to the substitution of said last-mentioned agreement in place of the terms of said option from McMurray to plaintiff. It was alleged that by mutual agreement between the said McMurray and defendant, and in pursuance of the terms and conditions of the said written agreement between them, the defendant went into joint possession with said McMurray of said lands, and thereafter diligently prosecuted the work of developing the said water rights and lands for the purpose of erecting and operating an electric generating plant, and ever since had continued so to do, until the defendant had expended upwards of $20,000 for said properties; that for the purpose of acquiring, by condemnation or otherwise, the lands and properties necessary for the purposes aforesaid, and of constructing and operating thereon an electric generating plant, the defendant had caused to be organized and incorporated, under and by virtue of the laws of the state of Washington a corporation, the Cascade Public Service Corporation; that ever since its incorporation the defendant had been by itself and through its agents and employés sole owner of the entire capital stock of the said Cascade Public Service Corporation; that the defendant was authorized by its charter and the laws of the state of Washington to own and hold stock in other corporations, and, having so organized and incorporated the said Cascade Public Service Corporation for the purpose of further continuing the prosecution of its design to construct and operate an electric generating plant on the land mentioned, the defendant formally assigned its agreement with McMurray to said Cascade Public Service Corporation, and thereupon continued the development work begun by the defendant on said water power and plant; that the defendant and the Cascade Public Service Corporation had fully carried out and performed all the terms and conditions under its agreement with McMurray, and had paid McMurray sums of money aggregating in all $2,000; and that McMurray had attempted to, in bad faith, violate all terms and conditions thereof, and was then attempting to avoid and annul and cause the same to be broken, to the loss and damage of the defendant.

The answer then proceeds to state certain transactions wherein McMurray is charged with having conspired with one Warren to fraudulently abandon his claim to said lands as a homestead and fraudulently relinquish the same to the United States, for the purpose of violating his agreement with the defendant; that for the purpose of further protecting their rights in said lands the defendant and the Cascade Public Service Corporation had been compelled to pay and did pay to McMurray and Warren the sum of $800 for the purpose of obtaining from said persons a reconveyance of a portion of said lands; that the Cascade Public Service Corporation notified McMurray that it was ready and willing to pay all money due under the agreement between defendant and McMurray, and thereupon demanded title to said property, whereupon the said McMurray agreed thereto, and agreed to furnish said Cascade Public Service Corporation with the necessary abstract of title to said lands, showing good title in him, the said McMurray; that McMurray had continuously refused to furnish said Cascade Public Service Corporation with the abstract of title, or to convey said lands in accordance with the terms of his said contract; but in violation of his agreement between the plaintiff and defendant, and for the purpose of fraudulently depriving said Cascade Public Service Corporation of its right therein, and further conspiring with said Warren to defeat and prevent any conveyance, had caused to be incorporated under the laws of the state of Washington a corporation under the name of the Aztec Power Company, and caused all the properties described in the agreement between defendant and McMurray to be conveyed to it. The answer further alleged that it believes that the Aztec Power Company paid no consideration for said properties, had no assets except said properties, had no stockholders except said Warren and McMurray, and that

said corporation was organized and incorporated by said McMurray and Warren for the sole purpose of making said transfer of lands, for the purpose of hindering, delaying, and defrauding said Cascade Public Service Corporation.

The answer alleged certain proceedings in court by a corporation named the Nisqually Power Company against McMurray and others for the condemnation of said lands; that neither the defendant nor the Cascade Public Service Corporation were made parties thereto; and it is alleged that McMurray and Warren and the Aztec Power Company had ʒreed with the said Nisqually Power Company on the terms of sale, and had sold and conveyed, or had agreed to sell and convey, the same to the said Nisqually Power Company; that the said McMurray and Warren had caused the said Aztec Power Company to commence an action in the superior court of the state of Washington against the defendant and the Cascade Public Service Corporation to eject them therefrom; and for the reasons stated there was and had been a total failure of any and all consideration for the promises and agreement on the part of the defendant to pay plaintiff any sum whatever, and that the action was premature and should abate.

The plaintiff in his reply denied that he was ever the engineer of the defendant, in charge of any properties or any works proposed by defendant to be erected in or about the water rights, or any water rights, or the lands, or any lands, named in the agreement between defendant and McMurray. He admitted that he was well aware, had full knowledge of, and consented to the substitution of the agreement between the defendant and McMurray for the option to himself from McMurray; and he alleged that he agreed to such substitution for the sum of $10,000, the sum sued for in the complaint, no part of which had even been paid; admitted that the defendant, in pursuance of the terms and conditions of the agreement between McMurray and the defendant, went into possession of all the lands described in said agreement, and that the defendant prosecuted the work of developing the water rights on said lands; admitted that the defendant had expended $20,000 for said property; admitted that the defendant and the Cascade Public Service Corporation had fully carried out and performed all the terms and conditions to be by them performed under the agreement between the defendant and McMurray, and had paid McMurray the sum of $2,000; admitted that the Cascade Public Service Corporation had duly notified McMurray that it was ready and willing to pay all money due under the agreement between the defendant and McMurray.

Upon these pleadings the case was brought to trial before a court and a jury, and upon evidence being introduced on the part of the plaintiff, including the allegations of defendant's affirmative defense as set forth in its answer, the plaintiff rested; and defendant thereupon moved for a nonsuit, and the plaintiff moved the court to direct the jury to render a verdict for the plaintiff on the ground, first, that the defendant had made the assignment contemplated under the option; second, that defendant had used the option for its benefit; and, third, that the defendant had purchased the land. The jury was thereupon discharged, and the court entered a judgment in favor of the plaintiff for the sum of $10,000.

George M. Sinclair and Ellis, Fletcher & Evans, for plaintiff in error.

George P. Fishburne and Maury & Templeman, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

MORROW, Circuit Judge (after stating the facts as above). The defendant contends that the option contained in the original agreement between McMurray and the plaintiff, and assigned by the plaintiff to the defendant, was void, for the reason that the description of

the property intended to be conveyed is too uncertain to be ascertained, and the option furnishes no means or method for its ascertainment. The water rights were described by the location in certain sections of the public land, and were recorded in the public records of water rights in the counties where located, and the lands to be relinquished to the government of the United States were described as:

"Sufficient lands in and about said water rights for the construction of a power house and right of way for flume and transmission line purposes and for the development and maintenance of an electric power plant."

The objection to this identification is that it is alleged in defendant's answer that McMurray's possession of land was that of a homestead, and that at the time the agreement between plaintiff and defendant was executed, on April 25, 1905, the land was unsurveyed public land of the United States; but it also appears from defendant's answer that, in pursuance of the terms of the agreement between it and Mc-Murray, entered into on June 15, 1905, defendant "went into joint possession with said McMurray of said lands, and thereafter diligently prosecuted the work of developing the said water rights and lands for the purpose of erecting and operating an electric generating plant, and ever since has continued so to do until," at the time defendant filed its answer on February 25, 1908, "defendant had expended upwards of $20,000 for said properties."

Aside from any question as to the right of the defendant, in face of such an allegation, to deny that there was a sufficient description of the property, we think the description in the agreement was sufficient for all practical and legal purposes to identify the lands and water rights conveyed. The laws of the state of Washington provide for the appropriation of water flowing in any river, stream, or ravine, and require that notice of such appropriation in writing must be posted in a conspicuous place at the point of intended storage or diversion, and that a copy of such notice must, within 10 days after it is posted, be filed for record in the office of the auditor of the county in which it is posted. See sections 4091 and 4092, Ballinger's Ann. Codes & St. Wash. (Pierce's Code, §§ 5131, 5132). It was recited in the agreement between plaintiff and McMurray that the water was appropriated by McMurray under the laws of the state of Washington, and this is not denied by the defendant. It will be presumed, therefore, that a notice identifying the appropriation was posted and recorded, and, being referred to in the agreement, such notice was sufficient identification of the water rights, and the description in the agreement of the land "in and about said water rights" was a sufficient identification of the land.

The next objection is that the option contained in the agreement between plaintiff and McMurray is void for the reason that the statute of the state of Washington authorizes the appropriation of water flowing in any river, stream, or ravine for irrigation, mining, or manufacturing purposes, but not for the "development and maintenance of an electric power plant," mentioned in the agreement. As far as appears from the record, the original appropriation by McMurray was for a purpose strictly provided by statute. After such appropriation had

been made, the water could be applied to any beneficial use. Section 4099, Ballinger's Ann. Codes & St. (Pierce's Code, § 5139). The development and maintenance of an electric power plant is clearly a beneficial use. The option is, therefore, not open to the objection that the appropriation is not within the statute.

It is contended on the part of the defendant that the assignment of the McMurray contract made by it to the Cascade Public Service Corporation was not such an assignment as entitled plaintiff to recover, for the reason that it was not an assignment whereby defendant sold or otherwise disposed of the option. The explanation is made that, defendant not being strictly a public service corporation, it was not authorized under the laws of the state of Washington to exercise the power of eminent domain. It therefore organized the Cascade Public Service Corporation, and retained the ownership of its stock and the control of the corporation, as it might do under the law of the state, in order that it might carry out its purpose with respect to the property. But this was the exercise of a right under the agreement, and the beneficial use of the option on the part of the defendant, and it was under this provision of the agreement that plaintiff charges in his complaint that it became entitled to recover in this action.

It is next objected that McMurray had no title to the lands and water rights described in the agreement, and there was, therefore, no consideration for the promise of the defendant to pay for the assignment of the option held by plaintiff. Plaintiff had an option on McMurray's appropriation and possession under the statute. This was a valuable right, capable of being assigned and transferred. Possessory rights on the public domain have always been recognized as transferable, and water rights can be transferred like other property. Weil on Water Rights, § 221. The option on the property held by the plaintiff was the right to purchase the right of possession to these water rights held by McMurray and the further right of possession of sufficient lands in and about said water rights for the construction of a power house, etc. These rights were assigned and transferred to defendant by plaintiff, and thereupon defendant purchased McMurray's right of possession and paid him $2,000 therefor, and at the same time entered upon its joint possession with McMurray and expended upwards of $20,000 for the property. Defendant thereupon became obligated under the agreement to pay to plaintiff the sum of $10,000 for the option. It may be that the defendant did not acquire a complete and perfect title to the property from McMurray; but that was defendant's affair. He acquired from plaintiff all the latter agreed to convey. Plaintiff conveyed his right to purchase McMurray's rights, whatever they might be; and, defendant having purchased under the agreement, it cannot now defend on the ground that there was a failure of consideration.

The judgment of the Circuit Court is affirmed.