## UNITED STATES v. UTAH POWER & LIGHT CO.

### (District Court, D. Utah. March 31, 1913.)

### No. 390.

1. TRIAL (§ 11*)—TRANSFER OF CAUSES—LAW OR EQUITY—MISTAKEN REMEDY.

That complainant was not entitled to maintain a suit in equity, because it had an adequate remedy by ejectment, is not ground for dismissal under equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), providing that such objection is only ground for transfer of the suit to the law side of the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 28–30; Dec. Dig. § 11.*]

2. WATERS AND WATER COURSES (§ 4*)—USE OF WATER FOR MINING—RIGHT OF WAY FOR CANALS—STATUTES—REPEAL.

Act Cong. July 26, 1866, c. 262, 14 Stat. 253, § 9 (Rev. St. § 2339 [U. S. Comp. St. 1901, p. 1437]), providing that whenever, by priority of possession, rights to the use of water for mining, etc., have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and decisions of courts, the possessors of such vested rights shall be protected and maintained in the same, and the right of way for the construction of ditches and canals for the purposes specified is confirmed, etc., was not repealed by Act March 3, 1891, c. 561, 26 Stat. 1095 (U. S. Comp. St. 1901, p. 1535), granting rights of way for canals, ditches, and reservoir purposes for irrigation, subject to burdensome conditions, nor by Act Feb. 15, 1901, c. 372, 31 Stat. 790 (U. S. Comp. St. 1901, p. 1584), declaring that the right to use adjacent ground on each side of a ditch should be revocable, but such statutes are to be construed as in pari materia.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 1; Dec. Dig. § 4.*]

3. WATERS AND WATER COURSES (§ 27*)—PUBLIC LANDS—RIGHT OF WAY FOR WATER DITCHES AND CANALS—FOREST RESERVE.

Where defendant had obtained a right of way over public land for a pipe line to conduct water for power purposes, as authorized by Act Cong. July 26, 1866, c. 262, § 9, 14 Stat. 253 (Rev. St. § 2339 [U. S. Comp. St. 1901, p. 1437]), defendant's right to the land was not affected by the subsequent incorporation thereof into a forest reserve.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 19; Dec. Dig. § 27.*]

4. WATERS AND WATER COURSES (§ 27*)—DITCHES—RIGHT OF WAY—GENERATION OF ELECTRIC POWER—"BENEFICIAL USE."

Act Cong. July 26, 1866, c. 262, § 9, 14 Stat. 253 (Rev. St. § 2339 [U. S. Comp. St. 1901, p. 1437]), confirming rights of way for the construction of ditches and canals for the transportation of water for mining, agricultural, manufacturing, and other purposes, etc., granted rights of way over public land for ditches and canals for the generation of electric power; the generation of electricity being a beneficial use for which an appropriation of water might be had.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 19; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 1, p. 749.]

5. WATERS AND WATER COURSES (§ 27*)—PUBLIC LANDS—RIGHT OF WAY—PIPE LINE.

Where defendant acquired title to a right of way over public land for a pipe line and reservoir, as authorized by Act Cong. July 26, 1866, c.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

262, § 9, 14 Stat. 253 (Rev. St. § 2339 [U. S. Comp. St. 1901, p. 1437]), it was under no obligation to proceed to acquire rights under subsequent legislation; but, having elected to stand on the grant under section 9 and the amendment thereto including reservoirs, it could not claim any additional right under such subsequent legislation.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 19; Dec. Dig. § 27.*]

In Equity. Suit by the United States against the Utah Power & Light Company. On motion to dismiss the whole and specify parts of the complaint. Sustained in part, and denied in part.

The suit was brought by the United States to determine the rights of the power company with reference to the maintenance of a part of its plant within the national forest without permission from either the Secretary of the Interior or the Secretary of Agriculture, and to enjoin an alleged continuing trespass or purpresture; the government claiming that the defendant had gone on the public domain and on the national forest without consent or permission of the government, and had constructed part of its plant thereon prior to inclusion of the land into a national forest.

H. E. Booth, U. S. Atty., of Salt Lake City, Utah.

Waldemar Van Cott, of Salt Lake City, Utah, for defendant.

MARSHALL, District Judge. [1] It is first objected that the plaintiff has an adequate relief at law, and hence no right in equity. The plaintiff alleges an exclusive possession in defendant—not simply an exercise of an easement. A claim of right is not negatived. An action in ejectment would seem to furnish adequate relief. But it is not necessary to determine this question. Under equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), the objection, if well taken, is only ground for the transfer of the suit to the law side of the court, and does not justify a dismissal.

[2, 3] Passing to the merits, the important issue is whether under section 9 of the act of July 26, 1866, carried into the Revised Statutes as section 2339 (U. S. Comp. St. 1901, p. 1437), the defendant had a title to a right of way for a pipe line for conducting water for power purposes. If so, the incorporation of the land into a forest reserve after defendant's right attached does not defeat it. It is claimed for the plaintiff that such right does not exist for these reasons: (1) That as to electric power purposes section 9 was repealed by Act May 14, 1896, c. 179, 29 Stat. 120 (U. S. Comp. St. 1901, p. 1573), amending Act March 3, 1891, c. 561, 26 Stat. 1095 (U. S. Comp. St. 1901, p. 1535), and by Act Feb. 15, 1901, c. 372, 31 Stat. 790 (U. S. Comp. St. 1901, p. 1584), which acts were prior to the initiation of the defendant's rights. (2) That section 9 never granted rights of way for canals and ditches for the generation of electric power, as such a use was not known at the time of the passage of that act.

Considering these objections briefly, it may be observed that section 9 has never been expressly repealed. If repealed at all, it is by im-

plication. Does the subsequent legislation show an intent to repeal it? The subsequent statutes substitute for the grant of section 9 not involving any record title a revocable license based on a record; for a grant of a right of way for a ditch or canal a license to use such ditch together with 25 feet on each side of the same and other necessary ground not exceeding 40 acres; by the act of February 15, 1901, the right to use adjacent ground was extended to 50 feet on each side of the ditch and was expressly declared to be revocable. Do these subsequent statutes furnish additional or cumulative rights or were they intended to entirely displace section 9? Some light is thrown on this question by the act of March 3, 1891, granting rights of way for canals, ditches, and reservoir purposes for irrigation, subject to the filing of plats with the Secretary of the Interior and his approval thereof, and to a provision for forfeiture if the ditch or canal be not completed within five years. Was section 9 repealed by this act with respect to water rights for irrigation? This statute grants some rights additional to those granted by section 9, and is subject to burdensome conditions ——to the small irrigator conditions so burdensome as in some cases to preclude the exercise of the right. If there was any class the government might be presumed to specially favor, it was the irrigator of land, and yet, if this was a repeal, he was singled out to be discriminated against. So that at an early date the Land Department of the government held that this statute was cumulative and did not repeal section 9 as to ditches for irrigation. Cache Valley Canal Co., 16 Land Dec. Dept. Int. 192, 196; Silver Lake, etc., Co. v. City of Los Angeles, 37 Land Dec. Dept. Int. 152; McMillan Reservoir Site, 37 Land Dec. Dept. Int. 6; Lincoln County, etc., Land Co. v. Big Sandy Reservoir Co., 32 Land Dec. Dept. Int. 463. And so the courts generally decided. Cottonwood v. Thom, 39 Mont. 115, 101 Pac. 825, 104 Pac. 281; Rasmussen v. Blust, 85 Neb. 198, 122 N. W. 862, 133 Am. St. Rep. 650; United States v. Lee, 15 N. M. 382, 110 Pac. 607; United States v. Conrad Investment Co. (C. C.) 156 Fed. 123. In enacting subsequent statutes respecting power plants Congress must be considered to have taken note of these holdings. Again, it did not expressly repeal section 9; again, it granted additional rights subject to specified conditions. These statutes are in pari materia; they are to be construed together and presumptively evidence the same intent. The weight of authority is that section 9 has not been repealed.

[4] Does section 9 grant rights of way for ditches and canals for the generation of electric power? It recognizes rights to the use of water for mining, agricultural, manufacturing, or other purposes whenever they have accrued under local customs, laws, and decisions of courts, and grants a right of way for the construction of ditches and canals for these purposes. This was in the nature of a continuing offer and embraced water rights for any beneficial purpose. Its object was to promote the development of the resources of the country; and this object would be defeated by holding that it should be so strictly construed as to eliminate every purpose for which water was not then used. As stated in Wiel on Water Rights, the rulings of half a cen-

tury are opposed to it. That the generation of electricity is a beneficial use for which an appropriation of water may be made has long been settled. Speer v. Stephenson, 16 Idaho, 707, 102 Pac. 365; Sternberger v. Seaton Min. Co., 45 Colo. 401, 102 Pac. 168; Thompson v. Pennebacker, 173 Fed. 849, 97 C. C. A. 591; Cascade Co. v. Empire Co. (C. C.) 181 Fed. 1011.

[5] I am satisfied that the defendant has a title to a right of way for its pipe lines and reservoir under section 9 of the act of July 26, 1866, and was under no obligation to proceed under the subsequent legislation. But having elected to stand on the grant of section 9 and the amendment thereto including reservoirs, it cannot claim any additional right under this subsequent legislation. In the complaint it was alleged that the defendant has acquired no such additional right. It is evident then that in certain respects the plaintiff is entitled to relief.

The motion will be sustained as to "conduits," "reservoir," and "steel pressure pipe" in paragraph 3 of the bill; and also with respect to those parts of paragraph 4 specified in the motion as (a), (b), (f), (k), (l), (m), and (n) in relation to that paragraph, and will be otherwise denied