MANNIX, APPELLANT, *v.* POWELL COUNTY, RESPONDENT.

(No. 4,421.)

(Submitted June 8, 1921. Decided July 1, 1921.)

[199 Pac. 914.]

*Quieting Title—Easements—Right of Way—Ditches—Actions —Statutes.*

Rights of Way—Ditches—Canals—Easements.
 1. A right of way, and the right to a ditch, canal or other structure in which water is conveyed for irrigation or other lawful purposes, are easements over the land occupied by the ditch, canal, *etc.*

Easement—Definition.
 2. An "easement" is an appurtenance to land, and constitutes an interest in real property.

Same—Quieting Title—Action lies.

3. *Held,* under section 6870, Revised Codes, as amended by Chapter 113, Laws of 1915, that an action lies to quiet title to an easement to a right of way for a ditch as against a county in exclusive use of the land for highway purposes. (Mr. Chief Justice Brantly dissenting.)

*Appeals from District Court, Powell County; George B. Winston, Judge.*

Action by C. N. Mannix against Powell County. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Mr. S. P. Wilson* and *Mr. H. W. Rodgers,* for Appellant, submitted a brief; *Mr. Wilson* argued the cause orally.

Citing: *Castro* v. *Barry,* 79 Cal. 443, 21 Pac. 946; *Kittle* v. *Bellegarde,* 86 Cal. 556, 25 Pac. 55.

*Mr. Wellington D. Rankin,* Attorney General, for Respondent, submitted a brief; *Mr. L. A. Foot,* Assistant Attorney General, argued the cause orally.

An action to quiet title is either for the purpose of removing a cloud on the title, that is, to remove or cancel some instrument of record that is affecting the title, or where there is a continued assertion of defeated title. There is no claim of any cloud upon the plaintiff's title; no claim of any instrument of record placed there or continued there by the defendant, which ought not to be there, or which ought now to be cancelled if originally put there rightfully. Equity will intervene in behalf of one who has successfully vindicated his title at law against another where the latter continues to harass the former by repeated assertions of his defeated title. (32 Cyc. 1307; *Whitehouse* v. *Jones,* 60 W. Va. 680, 12 L. R. A. (n. s.) 49, 55 S. E. 730; *Stark* v. *Starrs,* 6 Wall U. S. 402, 18 L. Ed. 925 [see, also, Rose's U. S. Notes].) There is nothing to show that the county commissioners in this case acted in other

than the utmost good faith, and without any intention of depriving the plaintiff of any property to which he was lawfully entitled, nor had they any intention of occupying with a county road any land to which, in their opinion, the county was not entitled by reason of its long established right of way.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff claims to be the owner of two irrigating ditches and a right of way for each, between Avon and Helmville, in Powell county. The defendant county claims certain portions of each of the same ditches and rights of way, for public highway purposes, and in the improvement of its highway between the towns mentioned has occupied and is using the portions claimed by it. This action was instituted, and, after issues joined and a trial had, the district court dismissed the complaint and rendered judgment for defendant's costs. From the judgment, and from an order denying a new trial, plaintiff appealed.

The judgment recites that it is not upon the merits, but based upon the court's conclusion that this action cannot be maintained, and the correctness of that conclusion is the only question presented.

Plaintiff does not contend that he is the owner of the lands over which the disputed portions of the ditches and rights of way extend, but only that he is the owner of the ditches and the right of way for each. The right of way is an easement, [1] and nothing more (sec. 4507, Rev. Codes; 34 Cyc. 1767); and likewise the right to a ditch, canal, or other structure in which water is conveyed for irrigation or other lawful purposes, is merely an easement over the land occupied by the ditch, canal, *etc.* (1 Wiel on Water Rights, sec. 280; *McDonnell* v. *Huffine,* 44 Mont. 411, 120 Pac. 792; *Smith* v. *Denniff,* 24 Mont. 20, 81 Am. St. Rep. 408, 60 Pac. 398.) Reduced to its lowest terms, then, the question presented is this: Will

[2, 3]   an action lie to quiet title to an easement as against a defendant in exclusive use of it?

Section 4515, Revised Codes, provides that the owner of a dominant estate may maintain an action for the enforcement of an easement attached thereto, but the character of the action is not indicated.  Section 6870, as amended by Chapter 113, Laws of 1915, provides: "An action may be brought and prosecuted to final decree, judgment, or order, by any person or persons, whether in actual possession or not, claiming title to real estate, against any person or persons, both known and unknown, who claim or may claim any right, title, estate, or interest therein, * * * .adverse to plaintiff's ownership. * * * All actions brought under this section must be brought in the county in which the real estate or a portion thereof, as to which the title is sought to be quieted, is situated."

Like statutes have been enacted in many states, and they have been held generally to enlarge greatly the jurisdiction formerly exercised by courts of equity to quiet title or remove clouds.  The purpose of such a statute is to afford an easy and expeditious mode of quieting title to real estate, and it is altogether immaterial that plaintiff is out of actual possession. (5 R. C. L. 643.)

The present action is brought under amended section 6870 above, and may be maintained if that section is sufficiently comprehensive to include an action to quiet title to an easement.  What, then, is the character of the easement in question?

Section 4425, Revised Codes, declares that real property includes land and that which is incidental or appurtenant to land.  An easement is an appurtenance to land (*Smith* v. *Denniff*, above) and constitutes an interest in real property under all the authorities (*Northern Pac. R. R. Co.* v. *Carland*, 5 Mont. 146, 3 Pac. 134).  The plaintiff then claims title to

an interest in real property to which defendant asserts an adverse claim. Is that interest sufficient to bring the plaintiff within the meaning of amended section 6870? Clearly, the statute does not exclude everyone except the holder of a fee simple title. Like statutes have been construed by the courts frequently, and it is the prevailing opinion that under such a statute as ours the owner of any estate or interest in land of which the law takes cognizance is entitled to have any claim adverse to his interest, such as it is, determined, and the title quieted. (*German-American Sav. Bank* v. *Gollmer,* 155 Cal. 683, 24 L. R. A. (n. s.) 1066, 102 Pac. 932; 5 R. C. L. 646.) Under a statute substantially the same as our own above, the supreme court of Indiana held that an adverse claim to an easement may be determined and the title quieted. (*Davidson* v. *Nicholson,* 59 Ind. 411.) This court, without considering specifically the question now under review, has recognized the right of a claimant to an easement to maintain an action to quiet title under the statute above in two instances at least. (*Cottonwood Ditch Co.* v. *Thom,* 39 Mont. 115, 101 Pac. 825, 104 Pac. 281; *McDonnell* v. *Huffine,* above.) No decided case holding directly to the contrary has been called to our attention.

The difficulty of making the decree effective is suggested as a reason for denying the application of the statute to a case of this character; but with that feature we are not directly concerned upon this appeal. Whether it shall be enforced by a writ of restitution apparently authorized by section 6849, Revised Codes, and declared to be appropriate by the supreme court of California (*Landregan* v. *Peppin,* 94 Cal. 465, 29 Pac. 771), or by injunction, mandatory or prohibitory in character, as incidental to the principal relief sought (32 Cyc. 1381), we do not determine. The statute appears to be sufficiently broad to comprehend an action to quiet title to an easement, and, further, we are not called upon to go at this time.

The cause should be determined upon the merits, and to that

end the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

Associate Justices Reynolds, Cooper and Galen concur.

Mr. Chief Justice Brantly dissents.

Rehearing denied September 17, 1921.

