MANNIX, Appellant, v. POWELL COUNTY, Respondent.

(No. 5,808.)

(Submitted January 6, 1926. Decided January 22, 1926.)

[243 Pac. 568.]

*Quieting Title—Ditches—Right of Way Over Public Lands—Failure to Complete Ditch Before Land Passed to Private Ownership—Effect on Right of Claimant.*

Real Property—Easements—How Created, Granted or Transferred.
1. An easement can be created, granted or transferred only by operation of law, by an instrument in writing or by prescription.

Ditches—Rights of Way Over Public Lands—Vested Interest not Secured Until Completion of Ditch.
2. A vested interest in the public lands of the United States to a right of way for an irrigating ditch is not secured, under sections 2339 and 2340, United States Revised Statutes, until the ditch is completed.

Same — Right of Way — Quieting Title — Evidence of Plaintiff — Insufficiency.
3. Where an irrigating ditch over public land was commenced but not completed before the land passed into private hands, and plaintiff in an action to quiet title to the right of way had never obtained an easement for it from the grantee of the government or from his successors in interest, he had no interest in the land and was not entitled to prevail.

[1] Easements, 19 C. J., sec. 16, p. 873, n. 64, 66 New; sec. 140, p. 936, n. 71 New. Frauds, Statute of, 27 C. J., sec. 131, p. 193, n. 83, 83 New, 85; sec. 132, p. 195, n. 3.
[2] Waters, 40 Cyc., p. 827, n. 85 New.
[3] Waters, 40 Cyc., p. 827, n. 85.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

Action by C. N. Mannix against Powell County. From a judgment for defendant, plaintiff appeals. Affirmed.

*Mr. H. W. Rodgers* and *Mr. S. P. Wilson,* for Appellant, submitted a brief; *Mr. Wilson* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. E. J. Cummins,* County Attorney of Powell County, and *Mr. W. E. Keeley,*

for Respondent, submitted a brief; *Mr. Keeley* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Upon a former appeal of this cause, the judgment of the lower court was reversed, and a new trial ordered. (*Mannix* v. *Powell County,* 60 Mont. 510, 199 Pac. 914.) The second trial resulted in a judgment in favor of the county, and plaintiff has appealed.

Without substantial controversy, the record discloses that in 1898 Joseph Sturgeon received from the state a lease upon school section 36, township 13 north, range 11 west, in Powell county, and thereafter caused a survey to be made of the route of a proposed irrigating ditch from the school section to a point on the south bank of Nevada Creek, near the northeast corner of section 9, township 12 north, range 10 west, the place of intended diversion, and did some work upon the construction of the ditch, which is hereafter called the Sturgeon ditch. The record does not disclose that Sturgeon had, or could have, procured, a water right, or that he could have made use of the ditch if it had been completed.

In January, 1899, Sturgeon sold his interest in the lease and ditch to G. G. Welch, who procured a right of way for the ditch over certain lands and a license to construct it over one parcel at least. Some of the other lands over which the survey extended were public lands of the United States. During 1899 and the early part of 1900 Welch proceeded with the construction work, but the ditch was never completed. The head of the ditch was not connected with the creek, and upon certain sections of the proposed ditch, varying in extent from 150 feet to half a mile, no work whatever was done at any time. The last work that was done upon the ditch was done not later than May, 1900.

In 1903 Welch secured a lease upon the school section, and in 1908 a renewal of the lease, but, before the last term expired, and in 1911, he died, and his estate was duly administered and distributed. The decree of distribution, which assumed to dispose of all of the property, did not mention the Sturgeon ditch or the right of way for it. The real property belonging to the estate, which was distributed to the widow and two sons of the deceased, is described in the decree of distribution as the north half and the southeast quarter of section 30, township 13 north, range 10 west. By mesne conveyances this property passed to C. N. Mannix, but the evidence discloses that these lands could not be irrigated from the Sturgeon ditch if it had been completed. The improvements upon the school section were disposed of to third persons, and the section itself was sold by the state and ultimately became the property of Gus and Mary Hoeffner. The route of the ditch as surveyed followed generally the course of the public road through sections 4, 5, and 6, township 12 north, range 10 west, but crossed and recrossed the road wherever necessary to maintain a constant grade.

In 1915 the county made some alterations in and improvements upon the road which interfered with the right of way of the Sturgeon ditch, and also with a ditch owned by C. N. Mannix, and designated the lower ditch. After the road work had been completed, Mannix secured from the Welch heirs a quitclaim deed for the "Sturgeon ditch," and then instituted this action to quiet title.

Before the second trial, the parties themselves eliminated from the controversy all questions affecting the lower ditch and all of the claimed right of way of the Sturgeon ditch, except 1,745 feet thereof in the southwest quarter of section 4, township 12 north, range 10 west, and it is with this piece of ground only that we are now concerned.

The trial court did not make any specific findings, but, from the recitals in the judgment, it is apparent that the cause

was disposed of upon the theory that plaintiff had failed to show that he or his predecessors in interest had ever acquired a right of way for the ditch over the particular strip of ground mentioned.

Although plaintiff refers in his complaint to his interest in [1] the ditch and the right of way, he claims only an easement in the land and not the land itself. (*Mannix* v. *Powell County,* above.) It is elementary that an easement can be created, granted or transferred only by operation of law, or by an instrument in writing, or by prescription (sec. 6859, Rev. Codes 1921; *Great Falls Water Works Co.* v. *Great Northern Ry. Co.,* 21 Mont. 487, 54 Pac. 963; *Smith* v. *Denniff,* 24 Mont. 20, 81 Am. St. Rep. 408, 60 Pac. 398), and since there is not any contention made that the easement claimed was acquired by prescription, or that it was conveyed by the grantee of the government to plaintiff or to any of his predecessors in interest by an instrument in writing, the right, if any, which plaintiff has, must have been secured by operation of law.

Plaintiff offered testimony tending to prove, and for the [2] purpose of this appeal we assume that it did prove, that this particular piece of land was a part of the open, public lands of the United States at the time the route of the ditch was surveyed and the construction work was done.

Sections 2339 and 2340, United States Revised Statutes (Comp. Stats., secs. 4647, 4648), provide:

"2339.   Whenever, by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed.   *   *   *

"2340.   All patents granted, or pre-emptions or homesteads allowed, shall be subject to any vested or accrued water rights,

or rights to ditches and reservoirs used in connection with such water rights as may have been acquired under or recognized by the preceding section.''

By the very language of these sections, a vested interest in the public lands to a right of way for an irrigating ditch is not secured until the ditch is completed, and this is the holding of the courts generally, including the supreme court of the United States and this court. (*Bear Lake & R. W. & I. Co.* v. *Garland,* 164 U. S. 1, 18, 41 L. Ed. 327, 17 Sup. Ct. Rep. 7; *Cottonwood Ditch Co.* v. *Thom,* 39 Mont. 115, 101 Pac. 825, 104 Pac. 281; *United States* v. *Rickey L. etc. Co.* (C. C.), 164 Fed. 496; *Verde Water & Power Co.* v. *Salt River etc. Assn.,* 22 Ariz. 305, 197 Pac. 227; *Crane Falls P. & I. Co.* v. *Snake River Irr. Co.,* 24 Idaho, 63, 133 Pac. 655.)

As the ditch has never been completed, it follows that, when [3] the land passed from the government into private ownership, it was not subject to a right of way for this ditch. In other words, the right of way was not secured from the United States, and, since neither plaintiff nor his predecessors in interest ever acquired it from the original grantee from the government or his successors in interest, if any, plaintiff failed to establish any interest in himself to the land in controversy. Since neither Welch nor his heirs ever acquired a right of way for the ditch over this particular piece of land, the plaintiff did not acquire anything by the quitclaim deed from the Welch heirs.

As this disposes of the cause, it is unnecessary to consider the alleged errors in admitting testimony on behalf of the defendant; for, if plaintiff does not have any interest in the right of way, it is altogether immaterial to him what interest the county has or whether it has any interest at all.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.