## TOWN OF MOUNT ZION and others *v.* GILLMAN.

*(Circuit Court, S. D. Illinois. July, 1880.)*

1. **EQUITY—PREVENTING MULTIPLICITY OF SUITS.**

   A bill in equity will lie to prevent a multiplicity of suits, but where repeated suits have already been brought, and judgments have been rendered therein, a bill in equity will not lie.

2. **INJUNCTION—SUIT BY TAX-PAYERS.**

   Whether the tax-payers of a town can bring suit to enjoin a judgment obtained against a town on coupons issued by it, *quære.*

In Equity.

*Anthony Thornton,* for complainants.

*Hay, Greene & Littler,* for defendant.

DRUMMOND, C. J. In this case a question comes up somewhat irregularly, but we will take the allegations of the bill and of the answer, and, on the assumption that the facts are properly stated in the pleadings, dispose of the case.

The facts, then, are that the defendant in this case was the owner of $15,000 in bonds, some coupons of which had fallen due and were unpaid, and a suit was brought against the town. The suit was contested, and after consideration of the various questions raised in the defense this court rendered a judgment in favor of the plaintiff. Afterwards, four other suits were brought against the town on coupons that fell due, and judgments rendered. These last judgments were rendered by default.

The pleadings state that one of the judgments was paid and the others were in full force. After all this had taken place this bill was filed by the town, and some of the tax-payers of the town, for the purpose of enjoining a judgment obtained in this court, and for quieting the title, as it is called, of the tax-payers to their property, because these bonds were claimed as a debt against the town, and the property was liable to be taxed for the payment of the bonds and coupons. So we have to assume that after a controversy against the town, in which judgments were rendered, and after payment of at least one judgment, tax-payers filed a bill for the purpose of restraining the defendant from prosecuting suit on the bonds or coupons on the ground that they were illegal. The prayer of the bill is that as the plaintiffs are without adequate remedy at law, the further prosecution of the suit at law, as well as any others, should be restrained, and the main ground of equity alleged is on account of the multiplicity of suits which may be brought as the coupons fall due

from year to year. The bonds were given in 1872, and run 20 years, so they have not matured. Various grounds are set out in the bill to show that the bonds are illegal, but the main question is whether, under the circumstances of this case, a bill of equity can be sustained, and we think that it cannot.

Of course, a bill in equity will lie for the purpose of preventing a multiplicity of suits; but here repeated suits have been brought, and judgments have been rendered against the party. There cannot, therefore, be any question as to whether there is an unreasonable and vexatious number of suits being brought, because the court has decided that the suits were properly brought and judgments have been rendered. There is not a single allegation in the bill which contains a true ground of equity, unless it is simply in consequence of threatened multiplicity of suits. There is not an objection stated in the bill to these bonds, except what is a valid objection at law, if at all, and therefore the only standing the bill can have is to prevent a multiplicity of suits. But here, as has been said, suits have been brought from time to time and judgments rendered, and can it be claimed, then, that there is threatened a vexatious number of suits against the town, and on that account a court of equity has jurisdiction? We think not. Again, we doubt very much whether it is competent, under the circumstances of the case, for these tax-payers to come in and ask for an equitable interposition of the court. There is no charge made against the town, no intimation that the town has been derelict in its duty, or has not contested these bonds in every way in which they could be contested, and it seems to be rather a stretch of equitable authority to claim that these tax-payers (the suit having been dismissed as to the town) can come in and obtain the relief which they seek. Besides, we may as well say that nearly every objection, and we believe every objection, made in the bill to the issue of these bonds has been repeatedly urged before the court, and as repeatedly held to be invalid, as against suits of any kind brought by *bona fide* holders of the bonds.

If the case, as of course it may, is to go to the supreme court, it is desirable that it should be put in a different form, so that the real questions upon which we have decided it should come before the appellate court; and I may as well say that, as there is a copy of the bond given in the bill, it will appear, from the allegations and recitals in the bond there given, that every question raised by the bill has been decided by this court.

The bill will therefore be dismissed.