MANCHESTER FIRE ASSUR. Co. v. STOCKTON COMBINED HARVESTER & AGRICULTURAL WORKS, (Thirteen Cases.)

(*Circuit Court, N. D. California.*   April 4, 1889.)

EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.

Bills to have an adjustment of a loss under several insurance policies declared void for fraud, and to restrain actions thereon filed by the several insurance companies, would not avoid multiplicity of suits; and they are not bills for discovery, defendant being a corporation, and its officers not being parties, and answers on oath being waived, and the testimony being obtainable by examining the persons having knowledge as witnesses.   The companies have a plain, adequate, and complete remedy at law, and suits in equity, therefore, under Rev. St. § 723, are not maintainable.

In Equity.   On demurrers to the bills.

Bills by the Manchester Fire Assurance Company against the Stockton Combined Harvester & Agricultural Works, and by 12 other insurance companies against the same defendant.   Rev. St. § 723, provides that: "Suits in equity shall not be sustained   *   *   *   in any case where a plain, adequate, and complete remedy may be had at law."

*Van Ness & Roehr*, for complainants.

*W. L. Dudly*, for defendant.

Before SAWYER, Circuit Judge.

SAWYER, J.   The complainant and 12 other insurance companies had issued policies of insurance upon defendant's works, machinery, and manufactured implements on hand.   The property insured was destroyed by fire, and the value of the property destroyed was alleged by the defendant to be $142,000.   An adjustment was finally made between the several companies and the defendant, by which the loss by mutual agreement was adjusted at $90,000.   The complainant now files its bill in equity, alleging that this adjustment was procured by misrepresentation of facts, and fraud on the part of defendant, and that defendant is about to sue complainant upon the adjustment as made for its share of the loss.   It asks that the adjustment be declared void on the ground of fraud, and that the defendant be enjoined from suing upon it.   The 12 other companies have filed similar bills.   The defendant demurs on the ground that the fraud alleged is equally available, as a defense at law, and, that, the defendant, therefore, has a plain, adequate, and complete remedy at law within the meaning of section 723 of the Revised Statutes.   The point, I think, is well taken.   The bill

certainly presents no stronger case for the exercise of equity jurisdiction than *Buzard* v. *Houston*, 119 U. S. 347, 7 Sup. Ct. Rep. 249, where it was sought to have a contract rescinded on the ground of fraud, and the supreme court denied the jurisdiction, under section 723, Rev. St., cited. The bill would not avoid a multiplicity of suits. Indeed one suit at law with different counts against each company might settle the whole matter. Should complainant maintain the bill, it would be sued upon the several policies and the loss would have to be readjusted in a suit upon each of the policies. If it should fail to maintain its bill, it would still be liable to the several suits on the adjustment. The bill is in no sense a bill of discovery. The suit is against a corporation, and there can be no discovery by a corporation unless its officers or agents, who know the facts, are made parties. Corporations do not answer upon oath, but under the corporate seal. The corporation is a non-sentient being, and, except through its officers and agents, has no knowledge. Besides, an answer upon oath is expressly waived in the bill. So also there is no need of a discovery, as the testimony can be much more effectively obtained by examining all the parties having knowledge as witnesses. They are now all competent witnesses. In view of the statute cited, I see no ground for maintaining a bill in equity in this case. Let the demurrers in the several cases be sustained and the bills dismissed.