HUNTON *et al. v.* EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

*(Circuit Court, D. Massachusetts. February 9, 1891.)*

1. ACCOUNTING—EQUITY JURISDICTION—INSURANCE.
   A court of equity has no jurisdiction of a bill by an insured under a tontine policy against the insurance company for an accounting.
2. SAME—FEDERAL COURTS—STATE STATUTE.
   Pub. St. Mass. c. 151, § 2, cl. 10, which confers equity jurisdiction in cases where "the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at law," does not extend the jurisdiction of the federal courts even in suits removed from the state courts.

In Equity. On demurrer.
*Ball & Tower,* for complainants.
*Robert M. Morse, Jr.,* and *Charles E. Hellier,* for defendant.

COLT, J. The question raised by this demurrer is, whether a bill in equity will lie for an account against the defendant company for the amount due on a tontine policy, or whether the proper remedy is at law. The policy was for $5,000, and was issued to the complainant Hunton, and the tontine period expired August 14, 1888. By the terms of the policy, the legal holder had the right at the completion of the tontine period to withdraw, in cash, the policy's entire share of the assets, whether in the reserve fund proper or the accumulated assets. In this case the complainants, being dissatisfied with the amount allowed by the defendant, have brought this bill in equity for an account, and the defendant has demurred, on three grounds: *First*, that the plaintiffs have not stated such a case as entitles them to any relief in equity against the defendant; *second*, that it does not appear that any fiduciary relation subsists between the plaintiffs and defendant, and that, therefore, their cause of action, if any, is cognizable in a court of common law; *third*, that the plaintiffs have not stated such a case as entitles them to demand in equity an account from the defendant. If this bill can be maintained, it must be on the ground that a trust relationship existed between the parties, or that the account is of such a character that equity jurisdiction attaches. That no trust exists between the assured and the insurance company has been held in *Pierce* v. *Society*, 145 Mass. 56, 12 N. E. Rep. 858, and *Bewley* v. *Society*, 61 How. Pr. 344, and I agree with the reasoning of the court in those cases. I am also of opinion, upon the authority of *Root* v. *Railway Co.*, 105 U. S. 189, that, this being merely a suit for an account, and it not appearing that any other ground of equitable jurisdiction exists, a bill in equity cannot, upon general principles governing the jurisdiction of courts of equity, be maintained. The plaintiffs rely, in this case, upon a provision of the Public Statutes of Massachusetts, (chapter 151, § 2, cl. 10,) which confers equity jurisdiction in cases where "the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at law." This bill was originally brought in the state court under this provision of the statute, and it was properly removed by the non-resident defendant to this court. The question arises, therefore, whether the United States courts should follow this provision of the Massachusetts statute. In support of the position that the federal courts are bound by the statute, the plaintiffs cite numerous authorities. The general proposition which the plaintiffs declare has been sustained by the supreme court is this: that the federal courts will recognize and enforce any new equitable right or remedy created by state law; and they contend that the present case comes within the principle laid down in these decisions. We are here dealing with a question of procedure or remedy relating to equity jurisdiction, and we must bear in mind the subject-matter to which the statute relates, and what modification or change in the old rule it has brought about. It is well settled that the equitable jurisdiction of the United States courts cannot be changed by state statute. The rules governing the equity jurisdiction of the federal courts are founded upon those of the high court of chancery in England. Now, what is the effect of the Massachusetts statute? It takes a certain

class of cases that under federal procedure would have to be brought on the law side of the court, and transfers them to the equity side.    It enlarges the equity jurisdiction of the court in relation to accounts.    In this very case, where equity jurisdiction would not attach under the rules which prevail in the United States courts, it permits a party to bring a bill in equity.    If the federal courts are to adopt a state law which in part breaks down the distinction between the legal and equitable jurisdiction of the court, I do not see why the same doctrine would not lead to the adoption by the federal courts of the state practice in those states which have a Code, and where no distinction is made between law and equity.    The cases referred to by the complainants do not, I think, support the position they contend for.    It is true that new equitable rights and remedies may be created by statute, but they must be equitable in their character.    In the cases relied upon by the plaintiffs, it will be found that the supreme court has in no way recognized any doctrines looking towards state control of procedure in equity in the federal courts.    In *Cummings* v. *Bank*, 101 U. S. 153, the new remedy created by statute was an injunction to enjoin the illegal levy of taxes, and Mr. Justice MILLER says, (page 157:)

"Here there can be no doubt that the remedy by injunction against an illegal tax, expressly granted by the statute, is to be enforced, and can only be appropriately enforced on the equity side of the court."

In *New Orleans* v. *Gaines' Adm'r*, 131 U. S. 191, 213, 9 Sup. Ct. Rep. 745, Mr. Justice BRADLEY, in referring to a provision of the civil law of Louisiana as a ground for maintaining the suit on the equity side of the court, says:

"The right thus claimed for the creditor  *  *  *  may very properly be pursued in a suit in equity, since it could not be pursued in an action at law in the courts of the United States."

The plaintiffs seem to rely largely upon the suit of *Holland* v. *Challen*, 110 U. S. 15, 3 Sup. Ct. Rep. 495.    That was a bill in equity brought to quiet title under a statute of Nebraska.    Mr. Justice FIELD, speaking for the court, says, (page 25, 110 U. S., and page 501, 3 Sup. Ct. Rep.:)

"It does not follow that by allowing in the federal courts a suit for relief under the statute of Nebraska, controversies properly cognizable in a court of law will be drawn into a court of equity.    There can be no controversy at law respecting the title to or right of possession of real property when neither of the parties is in possession.    An action at law, whether in the ancient form of ejectment or in the form now commonly used, will lie only against a party in possession.    Should suit be brought in the federal court, under the Nebraska statute, against a party in possession, there would be force in the objection that a legal controversy was withdrawn from a court of law; but that is not this case, nor is it of such cases we are speaking."

I do not deem it necessary to refer to the other cases cited by the plaintiffs.    It is sufficient to say that in my opinion they do not apply to this case.    The Massachusetts statute does not create a new remedy, but it does withdraw a certain class of cases from a court of law into a court

of equity; and the federal courts are to adopt it only so far as it is consistent with the mode of procedure in equity cases established by the courts of the United States. Demurrer sustained.