## AMERICAN SPIRITS MFG. CO. v. EASTON et al.

(Circuit Court, N. D. Illinois, N. D. January 31, 1903.)

1. CORPORATIONS—ACTS OF DIRECTORS—INDIVIDUAL PROFITS—ACTIONS — PARTIES—PLEADING.

Where, in an action by a corporation to recover profits alleged to have been illegally made by a director, since deceased, it was alleged that such director, with consent of his partner, had acted as complainant's agent in the purchase of cereals,.and received therefor a salary, but, in violation of his trust, such director had charged profits on the cereals over the price paid, but there was no allegation that the director's estate was inadequate to meet complainant's demand, the partner was not a proper party, and the bill stated no cause of action as against him.

2. SAME—PRINCIPAL AND AGENT.

A bill in equity to recover profits alleged to have been made by a director of a corporation, charging that such director had been employed on a salary to purchase cereals for the corporation, and that he had sold such cereals to the corporation at a. profit, could not be sustained on the theory that it was a bill to enforce a trust.

8. SAME—ACCOUNTING.

A bill in equity to recover profits illegally made by decedent as complainant's agent for the purchase of cereals could not be sustained on complainant's allegation that it had no other mode of ascertaining the facts as to the items and parties from whom purchases were made than by a bill in equity, and on its offer to do equity, where there was no mutual, intricate, or complicated account, and the relief to which complainant

would be entitled was of the same measure and kind as it might obtain at law.

**4. SAME—MULTIPLICITY OF ITEMS.**

In a suit against the personal representatives of an agent of a corporation to recover profits illegally received by the agent, where there was no charge in the bill that the agent's books were fraudulently kept, and there was no allegation that any different evidence or information could be obtained in equity from that obtainable at law, the allegation that the accounts consisted of many thousand items was insufficient to sustain the jurisdiction of a court of equity.

On Demurrer to Amended Bill. Sustained.

Moran, Mayer & Meyer, for complainant.

Stevens, Horton & Abbott, for defendants.

KOHLSAAT, District Judge. The original bill herein was brought against Easton & Hall. Easton died pending the cause, and an amended bill was filed against his executors and Hall. The amended bill charges that Easton, while a director of the complainant company, was paid a salary, in return for which, with the full knowledge and consent of Hall, his partner, he was to act as complainant's agent, and from August 22, 1895, to December 3, 1897, did act as agent for complainant, in the purchase for complainant of all corn, grain, and cereals necessary to be and which were purchased and used by complainant in the operation of its distilleries at Peoria, Ill.; that with like consent and knowledge of Hall, and by reason of being a director of complainant, and of said salary, Easton undertook and agreed to fulfill the said duties without other compensation or profit to him or his said firm; that by reason of the circumstances Easton became and was a trustee for complainant and its stockholders; that he had sole and exclusive control of such purchases, and was relied on by complainant, and always stated and agreed that he always had and would purchase for complainant such products at the lowest and best price, and without profit to himself or his said firm, in which representation said surviving partner, Hall, acquiesced; that, notwithstanding said undertaking, Easton and his said copartner purchased for complainant large quantities of corn and grain and sold and delivered same to complainant at a greatly advanced price over the purchase price, and made large profit without complainant's knowledge, which complainant paid, in ignorance of such profit, to Easton and his firm; that complainant had no means of ascertaining the same; that Easton and his firm, in many cases, included their commissions and profits in their statements unbeknown to complainant; that the amount of such profit and commissions is unknown to complainant, and it has no means of ascertaining the same except by this bill. The bill further states, on information and belief, that Easton made $25,000 profits, and Easton & Co. a like sum, for which they refuse to account; that the accounts consist of many thousands of items, are complicated, and that complainant has not nor ever has had any means of ascertaining from whom said purchases were made or the prices paid, or where same were purchased. The bill prays for an accounting, and that defendants be decreed to pay what is owing, and also offers to do equity. To this the defendant executors

on the one part and the defendant Hall on his own part file separate demurrers.

It is evident on the face of the bill that, unless the Easton estate is inadequate to meet complainant's demands, the defendant Hall is not a proper party. No allegation of such inadequacy is made. Whatever consent or agreement was entered into by Hall is and was a matter between Hall and Easton. The most Hall agreed to was that Easton should do the work without cost to complainant. There was no trust relation or agency between complainant and Hall. The joining of Hall would seem to be only for the purpose of using him as a witness. He is not a proper party, and his demurrer is sustained. The bill is dismissed as to him.

It is urged against the defendant executors that the relation between complainant and Easton was that of trustee and cestui que trust. Heretofore, on demurrer to the original bill, I have held that the relation was that of principal and agent, and I am still of that opinion upon this demurrer to the amended bill, and that a court of equity could not, under the facts of this case, take jurisdiction upon that ground alone.

The allegation in the bill that complainant has no other method of ascertaining the facts as to items and parties from whom purchases were made than by a bill in equity, as also its offer to do equity, are without weight, in view of the facts set up in the bill. It is manifest from the bill that there are no mutual, intricate, or complicated accounts. When the only relief to which the complainant would be entitled in equity is the same in measure and kind as that which it might obtain in a suit at law, it can have no standing in equity, unless the remedy at law is doubtful, circuitous, or complicated by a multiplicity of parties having different interests. Proprietors of Charles River Bridge v. Proprietors of Warren Bridge, 6 Pick. 376–396; Pom. Eq. § 1421, and cases cited.

The only remaining ground for equitable jurisdiction is the statement that the accounts consist of many thousands of items. Is this fact sufficient to cause equity to take jurisdiction? There is no charge that the accounts or books were fraudulently kept. Nor is any reason shown why any different evidence or information could be obtained in equity from what could be obtained at law. So far as appears from the bill, the only ground for equitable jurisdiction growing out of the multiplicity of items is the difficulty in presenting so many items to a jury. Of course, the presentation of several thousand items to a jury is practically impossible, yet the remedy would be as adequate and prompt in one case as in the other. That on the one hand it would take the time of a court and jury, whereas on the other it would only take the time of a master, would not be ground for equitable jurisdiction.

Easton is dead, and there is no presumption that his executors acquired his knowledge or any knowledge of the accounts in question, or that any of that fund ever came to their possession. The law charges them with the duty of defending the estate, and there is no authority requiring them to look up information for, and supply the same to, complainant for the purpose of charging the estate. The

items of the account are all on one side, i. e., moneys said to be due from defendant's testator to complainant. From all that appears in the bill, complainant .knows more of the facts than defendants do.. While the bill makes a case for federal court jurisdiction, it would seem to present a case peculiarly appropriate for the state probate court.

The demurrer is sustained, and the bill dismissed for want of jurisdiction.