LONDON GUARANTEE & ACCIDENT CO., Limited, v. BELL TELEPHONE CO. OF BUFFALO.

(Circuit Court, W. D. New York.   June 21, 1909.)

No. 303.

1. COURTS (§ 262*)—FEDERAL COURTS—JURISDICTION.

The jurisdiction in equity in the federal courts is concurrent with that of law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. § 262.*]

2. ACCOUNT (§ 6*)—PROCEEDINGS IN RELIEF—EQUITABLE JURISDICTION.

Where a bill for an account to ascertain the wages paid by defendant to its various employés to determine the correct basis of premium charge for employers' liability insurance was open to the inference that the accounting was involved in complication, and that an examination of a large number of employés, and books and pay rolls, was necessary, equity had jurisdiction thereof.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 17, 18; Dec. Dig. § 6.*]

3. EQUITY (§ 148*)—BILL—MULTIFARIOUSNESS.

Under the rule that a bill is not mutifarious because of the joinder of two different matters which would prevent a multiplicity of suits and does not inconvenience the defendant or cause additional expenses, a bill by an employer's liability company for an accounting to ascertain the wages paid by defendant, insured, to its various employés to determine the premium payable on certain liability policies, was not multifarious because it included causes of action of the same sort arising under different policies.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 341–367; Dec. Dig. § 148.*]

4. EQUITY (§ 219*) —LACHES—DEMURRER.
    An objection that complainant's right to relief was barred by laches need not be considered on demurrer.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 498; Dec. Dig. 219.*]

5. LIMITATION OF ACTIONS (§ 180*)—OBJECTIONS—DEMURRER.
    Where, in a suit for an accounting to compel a disclosure of defendant's pay rolls as a basis of computation of premiums on employer's liability policies, complainant alleged that defendant had persistently declined to permit an examination of its books, to which complainant was entitled under the policy contract, a claim that a part of complainant's claims was barred by limitations would not be considered on demurrer.
    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 670–675; Dec. Dig. § 180.*]

6. EQUITY (§ 223*)—BILL—DEMURRER.
    In a suit for an accounting to determine the premium chargeable on certain employer's liability policies, complainant being entitled to the relief demanded with reference to certain of the policies described in its bill, it was no objection thereto on demurrer that some of the policies disclosed that no additional premium was ascertainable.
    [Ed. Note.—For other cases, see Equity, Dec. Dig. § 223.*]

On Demurrer to Bill of Complaint.

Love & Keating, for complainant.
Norton, Penney & Sears, for defendant.

HAZEL, District Judge. The bill seeks to recover the amount due complainant as premiums under several policies of insurance issued to indemnify the defendant for damages sustained by reason of personal injuries suffered by employés or other persons through the negligent operation of the business of the assured. Under the agreements the premiums were estimated upon the pay roll of the employés of defendant, and the bill asks that the defendant be decreed to account in equity as to its acts, dealings, and transactions in respect to the amount of pay roll for the years 1897 to 1902, inclusive. The policies of insurance give the insurer the right to examine the books of the defendant to ascertain the wages paid to the various employés, so that a correct basis of the premium charge may be had. The defendant has demurred to the bill on several grounds—that sufficient facts are not alleged to state a cause of action for accounting in equity, that complainant has an adequate remedy at law, multifariousness, that the action is barred by laches, and the policies disclose that no additional premium is ascertainable from certain enumerated policies.

The demand herein is not exclusively a legal one. The jurisdiction in equity in the federal courts is concurrent with that of law, and in matters requiring an accounting, which would be difficult or impracticable for a jury to make, a court of equity will entertain jurisdiction. 6 Pomeroy, § 930; Balfour et al. v. San Joaquin Valley Bank (C. C.) 156 Fed. 500. The bill is open to the inference that the accounting prayed for is involved in complication, and that an examination of a large number of employés, and the books and pay rolls of the defendant from 1897 to 1902, is necessary to ascertain the amount

of wages paid while the policies of insurance were in force. Upon demurrer the truthfulness of such allegations of the bill as are well pleaded is admitted. Hence, notwithstanding a debtor and creditor relationship between the parties, the issues are thought to indicate the necessity of an accounting by a master, rather than by a jury. It is probably true, as contended by the defendant, that there will be no serious difficulty in ascertaining the amount of the defendant's annual pay roll, to enable the complainant to charge additional premiums as provided by the policies; but, as the contracts expressly give the insurer the right to inspect and examine at all reasonable times the books of the defendant, and also require the defendant to give to complainant written statements of the amount of compensation paid as a basis for premiums charged, I am inclined, as the case stands, to give weight to the assertion that the amount of pay roll as stated in the policies was much less than the amount actually paid, and that during the trial there may arise such a complication of figures as to make it inadvisable that the account be submitted to a jury for disposition.

It is objected that the bill is bad for multifariousness, because it includes causes of action arising from various insurance policies. It appears that there were different transactions; but all seem to relate to the payment of premiums under similar policies of insurance, and each cause of action for accounting is based upon similar grounds. It is not unlikely that the proofs as to each transaction may have some mutual bearing, and in any event the relief obtainable as to all is similar. The rule is that:

"A bill does not come within the evil of multifariousness when the joinder of two different matters prevents a needless multiplicity of suits and neither inconveniences the defendant nor causes additional expense." Grant v. Phœnix Life Ins. Co., 121 U. S. 105, 7 Sup. Ct. 841, 30 L. Ed. 905; U. S. v. American Bell Telephone Co., 128 U. S. 315, 9 Sup. Ct. 90, 32 L. Ed. 450.

The ground of demurrer stated is overruled.

The objection of laches in bringing suit need not, of necessity, be considered on demurrer. The bill substantially states that the defendant, in violation of the existing contract, persistently declined to permit the complainant to examine its books, and in the circumstances the objection that a part of the claims was barred by the statute of limitations may safely and properly be reserved to the answer and the evidence in support thereof.

The last ground of demurrer evidently relates to the merits, and, even assuming that the policies are before the court, it should not be called upon to decide these questions in limine, where certain of the policies, though not all, entitle the complainant to the relief demanded in the bill.

The demurrer is overruled, with costs.