### MORRIS & CO. v. WHITLEY et al.

(Circuit Court, S. D. Georgia, W. D. June 23, 1910.)

ACCOUNT (§ 12*)—JURISDICTION—BILL.

Equity has no jurisdiction of a bill for an accounting, where the accounts are all on one side and no discovery is sought or required; plaintiff's remedy at law being adequate and complete.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 62–70; Dec. Dig. § 12.*]

In Equity. Bill by Morris & Co. against C. R. Whitley and others. On demurrer to bill. Sustained.

J. A. Ansley, Shipp & Sheppard, and Hardeman, Jones, Callaway & Johnston, for plaintiff.

W. P. Wallis, Hooper & Maynard, and John R. L. Smith, for defendants.

SPEER, District Judge (orally). This case is not difficult. The settled rule in equity is that equity has no jurisdiction, when the accounts are all on one side, and no discovery is sought or required. Now, the accounts here are all on one side. The Chicago packing house shipped these people goods. They had an exact statement of the amount they had shipped. They had the price at which the goods were to be sold. There is some claim about an alleged "overage," but that is uncertain—the amount of the alleged overage, which the broker received in excess of the prices he was to obtain, and which is in the nature of a "rake-off," which he would have been required to divide with the packing house. There is no prayer for discovery. At common law the packing house would be compelled to make its proof, and have a jury pass on the facts. This is the constitutional right of the defendants.

The cases cited by Mr. Callaway in his argument do not support his proposition. In each case there was the necessity for complicated, or difficult accounting. The one principally relied on was one decided by Judge Story. Mitchell v. Great Works Milling & Mfg. Co., Fed. Cas. No. 9,662, 17 Fed. Cas. 496. There the controversy was about the construction and improvement of a large milling property—"that the parties went on the property, and caused extensive improvements to be made, and buildings to be erected thereon, in pursuance of the instructions, and in carrying out the intentions of the members of said association, during the progress of which improvements the said Paine and Meserve were at great personal expense, and laid out and advanced large sums of money for the benefit of said association, in consequence whereof the said association became greatly indebted to said Paine and

------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Meserve." There was an attempt to settle the account, and in passing on the case Justice Story said:

"In the present case, taking the statements of the bill to be true, which we must upon the demurrer, it seems to us not only clear that it is a case fit for the interposition of a court of equity, but that it is emphatically so, as one where a court of law could not render any justice in the matter, or, if any, it must be a very crippled and imperfect redress. It is, indeed, impossible to read the bill, and not to feel that some of the claims there set up, considering the complications and changes of interest of the parties, cannot be adequately examined, or properly disposed of, except in a court of equity."

There were plainly strong reasons for the maintenance of the bill for accounting there.

In the case of Hapgood v. Berry, 157 Fed. 813, 85 C. C. A. 177, also cited by Mr. Callaway, is an extract taken from the decision of the Supreme Court of the United States in Kirby v. Railroad Co., 120 U. S. 130, 7 Sup. Ct. 430, 30 L. Ed. 569. In that case the Supreme Court said:

"The claim made by complainant being for profits derived from the transaction of business, it is apparent the ascertainment of such profits can only be made by an examination of the mutual accounts of the parties to the contract. * * * Thus a mutual accounting of intricate and involved accounts running for a period of years must be examined and settled before it can be decreed any profits have arisen from the transaction of the business. It could hardly be contended that such accounting may be taken before a jury with any reasonable degree of accuracy or certainty of result."

How different is that from the case here? Here the plaintiff has only to prove the correctness of his account. He can put up his auditor and show that the correctness of his account was conceded. Then, if he can show that this man had sold some of the goods, and charged more for them than he had agreed to, and that he ought to have divided the excess charges thus obtained, he may obtain a judgment at law for his share. These principles are elementary. There must be mutuality of accounts. The accounts must be settled. Ordinarily discovery must be sought in order to enable the complaining party to make out his account, before jurisdiction in equity can be maintained on a bill for an accounting.

It is not necessary for me to pass on the other questions in the case. The failure of jurisdiction in equity is fundamental and conclusive.