### WRIGHT v. BARNARD et al.

#### (District Court, D. Delaware. December 21, 1915.)

#### No. 338.

1. EQUITY ⬅162—PRACTICE—DISMISSAL.
   Under Equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), declaring that pleas and demurrers are abolished, and that every defense in point of law arising upon the face of a bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a cause of action, which previously should have been by demurrer or plea, shall be made by motion to dismiss or in the answer, a court of equity may in its discretion, when promotive of justice, refuse to decide a case on motion to dismiss, but may require the defense to be made by answer; the practice being the same as in case of a demurrer, as to which the court had the same discretion.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 393; Dec. Dig. ⬅162.]

2. EQUITY ⬅46—JURISDICTION—ADEQUATE REMEDY AT LAW.
   Equity has jurisdiction of a suit, unless the law furnishes a complete and adequate remedy.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 151, 152, 157, 159–163; Dec. Dig. ⬅46.]

3. TRIAL ⬅11(3)—PRACTICE—TRANSFER TO LAW SIDE.
   Despite equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), declaring that, if a suit commenced in equity should have been brought as an action at law, it will be transferred, a suit on the equity side will not be transferred because complainant also seeks as to one item relief which could be granted by a court of law, where the complaint as a whole states a cause of action in equity; rule 23 declaring that if, in a suit in equity, a matter ordinarily determinable at law arises, such matter shall be determined without sending the case to the law side of the court.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 30; Dec. Dig. ⬅11(3); Action, Cent. Dig. § 312.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Bill by Herman L. Wright against Cynthia E. Barnard, executrix of the last will and testament of Remsen C. Barnard, deceased, and others. On defendants' motions for dismissal of the bill, and for transfer of the case to the law docket. Motions denied.

Andrew E. Sanborn, of Wilmington, Del., for complainant.
Robert H. Richards, of Wilmington, Del., for defendants.

BRADFORD, District Judge. [1] The defendants have filed two motions; one for the dismissal of the bill, and the other for the transfer of the case to the law side of the court. The motion for the dismissal of the bill is made under rule 29 of the equity rules (198 Fed. xxvi, 115 C. C. A. xxvi), which provides, among other things, as follows:

"Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer."

A motion to dismiss under the above rule is in the nature of a general demurrer. It is well settled that it is within the sound discretion of the court sitting in equity, when promotive of justice, to decline to decide a suit on demurrer to a bill and to overrule the demurrer and require an answer, reserving to the defendant the right to claim and take by answer whatever advantage might otherwise have been secured by the demurrer. The motion to dismiss having taken the place of a demurrer, by parity of reasoning the above principle is applicable to the motion equally as it formerly was in the case of a demurrer. I am satisfied that under the circumstances disclosed in the bill the doing of even justice as between the parties is more likely to be secured by leaving the merits of the case to be disposed of after the making of answer than by now dealing with the merits as disclosed in the bill. The case is not sufficiently developed at this stage to allow the questions involved in the motion to dismiss now to be satisfactorily determined. The motion to dismiss must, therefore, be denied, reserving to the defendants the right to take by answer whatever advantage might otherwise have been secured by the motion.

[2, 3] The motion to transfer the case to the law side of the court is based upon rule 22 of the rules in equity (198 Fed. xxiv, 115 C. C. A. xxiv) which provides:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be there proceeded with, with only such alteration in the pleadings as shall be essential."

With the exception of the balance of salary claimed by the complainant, I am not prepared to hold that the subject-matter of the suit as disclosed by the bill is not properly cognizable in equity. Unless the law furnishes a complete and adequate remedy, jurisdiction in equity exists. Boyce's Executors v. Grundy, 3 Pet. 210, 215, 7 L. Ed. 655; Watson v. Sutherland, 5 Wall. 74, 78, 18 L. Ed. 580; Insurance Co. v.

Bailey, 13 Wall. 616, 620, 20 L. Ed. 501; Lewis v. Cocks, 23 Wall. 466, 470, 23 L. Ed. 70; Drexel v. Berney, 122 U. S. 241, 252, 7 Sup. Ct. 1200, 30 L. Ed. 1219; Allen v. Hanks, 136 U. S. 300, 311, 10 Sup. Ct. 961, 34 L. Ed. 414. In Lewis v. Cocks it was said:

"To bar equitable relief the legal remedy must be equally effectual with the equitable remedy, as to all the rights of the complainant."

In Kilbourn v. Sunderland, 130 U. S. 505, 514, 9 Sup. Ct. 594, 596 [32 L. Ed. 1005] it was said:

"The jurisdiction in equity attaches unless the legal remedy, both in respect to the final relief and the mode of obtaining it, is as efficient as the remedy which equity would confer under the same circumstances."

The fact that the complainant seeks to recover a balance of salary which, considered in and by itself, is a legal demand, is immaterial on the question of jurisdiction in equity. Rule 23 of the equity rules (198 Fed. xxiv, 115 C. C. A. xxiv) provides:

"If in a suit in equity a matter ordinarily determinable at law arises, such matter shall be determined in that suit according to the principles applicable, without sending the case or question to the law side of the court."

The dominant factor in determining the question of jurisdiction is to be found in the general scope and nature of the case as made by the bill, and a decision on the question of the balance of salary is but an incident of a suit properly on the equity side of the court. Accordingly the motion for a transfer of the case must be denied.

Pursuant to rule 29 of the equity rules the defendants will be required to answer the bill within five days from the entry of the orders denying the above motions.