## INVESTORS' GUARANTY CORPORATION v. LUIKART et al.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1925.)

No. 6747.

**1. Equity ⬅346—Burden on plaintiff to show that he has no plain, speedy, and adequate remedy at law.**

Under Judicial Code, § 267 (Comp. St. § 1244), burden is on plaintiff, seeking to prosecute suit in equity, to show that he has no plain, speedy, and adequate remedy at law.

**2. Action ⬅30—Distinction between legal and equitable actions is preserved in federal court.**

Distinction between legal and equitable actions is preserved in federal courts by virtue of Const. Amend. 7, giving right of jury trial in certain cases.

**3. Equity ⬅46—Legal remedy must be as certain, prompt, and efficient as that afforded by equity, to preclude suit in equity.**

Under Judicial Code, § 267 (Comp. St. § 1244), remedy at law must be as prompt, certain, and efficient to attain ends of justice as that afforded by equity, to preclude suit in equity.

**4. Account ⬅14—Where subject-matter cannot be fully investigated at law, court of equity has discretion to decree accounting.**

Whenever subject-matter of suit at law cannot be fully investigated, a court of equity has discretion to decree an accounting, which is usually based on a need for discovery, complicated character of accounts, or existence of fiduciary or trust relationship.

**5. Account ⬅14—Equity held without jurisdiction of suit by guaranty company against former manager and purchaser of bank, on ground that accounting was necessary.**

Where guaranty company, suing a former district manager and another, who had purchased bank from it, alleged that one defendant, while its district manager and president of bank involved, colluded with his codefendant, purchaser of bank, exchanging good notes of company for worthless notes of bank, placing company's indorsement guaranteeing payment on other notes held by bank, and that 24 suits had been instituted against plaintiff on such contracts of guaranty, 17 of which had gone to judgments against plaintiff, which were being enforced, and prayed an accounting, held, equity was without jurisdiction to grant accounting; transactions being separate and distinct, and not conflicting, there being no need for discovery, or any existence of fiduciary or trust relationship.

**6. Account ⬅14—Assumption of jurisdiction for purpose of avoiding multiplicity of suits held unwarranted.**

Where guaranty company, suing former district manager and another, who had purchased bank from it, alleged that its former manager, while also president of bank involved, colluded with his codefendant, intended purchaser of bank, exchanging good notes with plaintiff company for worthless notes of bank, placing company's indorsement guaranteeing payment on other notes held by bank, and that 24 suits had been instituted against plaintiff on such contracts of guaranty, 17 of which had already gone to judgments against plaintiff, and prayed an accounting, held, equity was unwarranted in assuming jurisdiction for purpose of avoiding multiplicity of suits, in view of Comp. St. Wyo. 1920, §§ 5606, 5713, under which still pending suits against plaintiff could have been consolidated and tried as one as in equity.

**7. Equity ⬅43—Assumption of jurisdiction on ground of fraud alleged is unwarranted, where money recovery only is sought.**

Fraud is insufficient ground for equity jurisdiction, where money recovery only is sought, or where fraud could be pleaded as complete defense at law.

**8. Equity ⬅46—Equity's assumption of jurisdiction of actions on ground of fraud held unwarranted.**

Where guaranty company, suing a former district manager and another, who had purchased bank from it, alleged that its former manager, while also president of bank involved, colluded with his codefendant, intended purchaser of bank, exchanging good notes of company for worthless notes of bank, placing company's indorsement guaranteeing payment on other notes held by bank, and that numerous suits against plaintiff were being prosecuted on such contracts of guaranty, held, equity's assumption of jurisdiction on ground of fraud was unwarranted, since plaintiff, by tendering back what it had received under contract of sale of bank, could have sued for cancellation thereof, or could have sued for damages by reason of fraud alleged.

**9. Quieting title ⬅28—In federal court, there is no jurisdiction of bills quia timet, unless necessary to remove obstacles to action in ejectment, or to avoid multiplicity of suits.**

In federal court, there is no jurisdiction of bills quia timet, unless their aid is required to remove obstacles that prevent a successful resort to an action in ejectment, or when invoked to prevent multiplicity of suits on other equitable grounds of relief, nor can bills quia timet, or to remove cloud from legal title, be maintained by one not in possession.

**10. Quieting title ⬅28—Assumption of equitable jurisdiction held unwarranted, on theory that suit was one to quiet title.**

Where guaranty company, suing former district manager and another, who had purchased bank from it, alleged that its former manager, while also president of bank involved, had colluded with intended purchaser, exchanging good notes of company for worthless notes of bank, placing company's indorsement guaranteeing payment on other notes held by bank, and that 17 judgments on suits on such contracts of guaranty had been obtained against plaintiff, and were being enforced by execution on plaintiff's land, and prayed accounting, and that bank be decreed to have no interest or claim in real estate involved, held, assumption of equity jurisdiction, on ground that suit was one to quiet title, was unwarranted, particularly in absence of any allegation that either plaintiff or defendants were in possession of the

lands, or that they were unoccupied in view of Comp. St. Wyo. 1920, § 5989.

**11. Equity ⊕43—Damages sought held recoverable, if at all, in action at law.**

Damages sought by guaranty company from former district manager and purchaser of bank for fraud practiced *held* recoverable, if at all, in action at law.

**12. Courts ⊕351½—Dismissal of suit for want of equitable jurisdiction held warranted.**

Under Judicial Code, §§ 274a, 274b (Comp. St. §§ 1251a, 1251b), where plaintiff, after ruling that suit was not within equity jurisdiction, stood on bill and waived right to amend and transfer to law side of court, *held*, dismissal was warranted, notwithstanding equity rule 22, directing transfer rather than dismissal.

Appeal from the District Court of the United States for the District of Wyoming; T. Blake Kennedy, Judge.

Suit by the Investors' Guaranty Corporation against Edwin H. Luikart and others. From a decree of dismissal, plaintiff appeals. Affirmed.

W. C. Mentzer, of Cheyenne, Wyo., and H. C. Brome and Thomas M. Hyde, both of Basin, Wyo., for appellant.

A. C. Allen and O. N. Gibson, both of Riverton, Wyo., for appellees.

Before STONE and KENYON, Circuit Judges, and SCOTT, District Judge.

KENYON, Circuit Judge. This appeal is from the order of the United States District Court for the District of Wyoming, dismissing a certain amended bill of complaint brought by the Investors' Guaranty Corporation against Edwin H. Luikart, Oscar W. Nicholson, and the Farmers' State Bank of Riverton, Wyo. The bill is voluminous and involved. It was stipulated between the parties that the case should be set down for hearing and determination upon the point of law raised by the first defense set up in the amended answer, which is that the amended bill of complaint fails to state facts sufficient to constitute a valid cause of action in equity. A hearing was had upon this question, and the court held that the bill of complaint failed to state facts sufficient to entitle plaintiff to the relief sought in equity, and disclosed that plaintiff had an adequate remedy at law. The question here is therefore reduced to narrow limits, but requires a review of the amended bill.

Appellant is a corporation of the state of Utah, and will be herein designated as plaintiff. Defendant Farmers' State Bank of Riverton is a banking corporation, organized under the laws of the state of Wyoming,

and will be herein designated as defendant bank. The other defendants, Edwin H. Luikart and Oscar W. Nicholson, are citizens of Wyoming, and will be termed defendants. Briefly the allegations of the amended bill are:

That plaintiff was a corporation dealing in real estate mortgages, stocks, bonds, etc., and during the latter part of the year 1917 or the early part of 1918 acquired the stock of defendant bank, and became the owner of it; that it was the owner of about 4,000 acres of agricultural land in the vicinity of Riverton; that during the period of time in which the transaction complained of took place Luikart was the managing officer of both corporations, being Western manager of plaintiff and president of defendant bank. The bill claims that he did not faithfully serve both masters, but that with defendant Nicholson he conspired in January, 1921, to fraudulently purchase the defendant bank; that he managed the matter as far as plaintiff was concerned; that he advised the directors and stockholders to make the sale, and that through his advice and manipulation the defendant bank was sold to Nicholson, he to pay plaintiff $5,000 in cash, and to deliver to it 50 shares of its common and 200 shares of its preferred stock; that he was also to assume stockholders' liabilities and the rediscounts of the bank; that plaintiff on its part guaranteed certain bills receivable of the bank, amounting to about $93,000, all of which was set forth in a schedule attached to the complaint; that, at the time when plaintiff owned the capital stock of the bank, defendant Luikart exchanged a note of approximately $17,000, belonging to the defendant bank, for notes of an equal amount belonging to plaintiff; that the note belonging to the defendant bank was worth only $4,000, while the notes belonging to plaintiff, for which it was exchanged, were worth their face value. Other transactions in the exchange of notes were carried on by Luikart.

It is alleged that the other notes exchanged by the bank for the notes of plaintiff were worthless, while the notes secured in the exchange were worth their face value; that Luikart took from the treasury of appellant a certain hotel bond of the value of $3,000 and placed it among the assets of the bank; that he also placed on the notes set forth in Schedule B (being a large number) an indorsement of plaintiff guaranteeing payment, and it is claimed that, while he had express authority to make indorsements for rediscount purposes, he had no authority to make the same for any other purposes; that

such indorsements were made without authority, or without consideration, or without the knowledge or consent of the officers or stockholders of plaintiff, other than Luikart and Nicholson, and that they were made in pursuance of the conspiracy to secure the bank; that in March, 1922, the defendant bank instituted in the district court of Fremont county, Wyo., 18 separate suits against plaintiff, aided by attachment, and levied on its real estate before referred to. All of these suits, excepting one, were founded upon the contracts of guaranty in question. Fifteen of them have been tried, and judgments obtained against plaintiff. Appeals were taken, but no supersedeas bond was given. Executions have been issued and the real estate of plaintiff sold upon execution.

The amended bill further alleges that the judgments in these suits aggregated approximately $55,000, and the prices paid at sheriff's sale under execution were $53,395; that two of the suits originally instituted in the District Court were transferred to the United States District Court for the District of Wyoming, and judgment rendered against plaintiff. In one of these suits plaintiff admitted liability on the note, but by way of counterclaim asked to recover from the defendant bank the value of the securities alleged to have been wrongfully transferred to it. The court rendered judgment against plaintiff on this counterclaim. The amended bill further alleges that on October 10, 1923, defendant bank instituted another suit against plaintiff in the district court of Fremont county, Wyo., to recover the sum of $15,000 on account of other alleged contracts of guaranty indorsed upon notes of third parties held by the defendant bank; that since filing the original bill of complaint defendant bank has commenced 5 additional suits on notes, alleged to be guaranteed by plaintiff, seeking to recover approximately $17,500; that since June 9, 1921, Luikart and Nicholson have owned all the stock of the bank and have been in exclusive control of its affairs; that no record on the books of plaintiff was ever made of the contracts of guaranty; that the various suits are based upon contracts of guaranty made by Luikart purporting to act for the plaintiff, but that he was without authority so to do; and that it was all done to permit Luikart and Nicholson to defraud appellant.

The bill alleges that plaintiff has no plain, adequate, and speedy remedy at law; asks for an accounting to be had and a multiplicity of suits avoided; alleges that Luikart and Nicholson should be required to pay what may be found due from plaintiff to the bank; and the bill concludes: "Wherefore plaintiff prays that an accounting be had between said plaintiff and said defendant bank and defendants Luikart and Nicholson; that the amount, if any, due and owing from this plaintiff to said bank be ascertained; that the defendants Edwin H. Luikart and Oscar W. Nicholson be required to pay said sums and all thereof; that the said defendants Edwin H. Luikart and Oscar W. Nicholson be further required to reimburse this plaintiff for all expenses or liabilities incurred in and about the defense of the several suits brought by said bank against said this plaintiff; that the defendant bank be decreed to have no interest in or claim upon the real estate hereinbefore described or the shares of stock of the Arapahoe Ranch Company hereinbefore described, but that said property and all thereof be decreed to be property of this plaintiff; and that plaintiff have such other and further relief as may be just and proper in the premises."

[1, 2] We have endeavored to analyze this lengthy and involved amended bill, to discover the basis for the claimed equitable cognizance of the suit. Evidently there is an attempt to state several grounds for equitable relief, viz.: (a) An accounting; (b) the prevention of a multiplicity of suits; (c) fraud; (d) quieting title to real estate, or removal of cloud thereon. The burden was on plaintiff to show that it had no plain, speedy, and adequate remedy at law. The distinction between legal and equitable actions is preserved in the federal courts, necessarily so by virtue of the constitutional requirement of the Seventh Amendment giving the right of jury trial in certain cases.

Section 267 of the Judicial Code (Comp. St. § 1244) is as follows: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." This statute is merely declaratory of long-established principles of equity jurisprudence. 21 C. J. p. 41, § 16; Hipp et al. v. Babin et al., 19 How. 271, 15 L. Ed. 633; Alger v. Anderson et al. (C. C.) 92 F. 696.

Equity has no jurisdiction where "complainant has a full and adequate remedy at law for the wrongs complained of." United States v. Bitter Root Development Co., 200 U. S. 451, 472, 26 S. Ct. 318, 50 L. Ed. 550. 21 C. J. p. 40, § 15, states the doctrine as follows: "But, even in this common field, it is in the sound discretion of the chancellor whether or not he will assume jurisdiction in a particular case, and, as a rule, he will

not do so if the remedy at law is plain, adequate, and complete, unless there are some features of the case which make it more appropriate for a court of equity than a law court to handle. This is practically and peculiarly so in those cases where the only thing sought is a pecuniary recovery." Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451; Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358; Curriden v. Middleton, 232 U. S. 633, 34 S. Ct. 458, 58 L. Ed. 765; Security Savings & Loan Ass'n v. Buchanan et al., 66 F. 799, 14 C. C. A. 97.

[3] This remedy at law must be as certain, prompt, and efficient to attain the ends of justice as that afforded by equity. Williams et al. v. Neely et al., 134 F. 1, 67 C. C. A. 171, 69 L. R. A. 232; McMullen Lumber Co. v. Strother et al., 136 F. 295, 69 C. C. A. 433; Monmouth Inv. Co. et al. v. Means, 151 F. 159, 80 C. C. A. 527; Wright v. Barnard et al. (D. C.) 233 F. 329; Risty et al. v. Chicago, R. I. & P. Ry. Co. (C. C. A.) 297 F. 710; McConihay v. Wright, 121 U. S. 201, 7 S. Ct. 940, 30 L. Ed. 932; Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 S. Ct. 77, 43 L. Ed. 341; Boise Artesian Hot & Cold Water Co. v. Boise City, Idaho, 213 U. S. 276, 31 S. Ct. 720, 55 L. Ed. 611; Castle Creek Water Co. v. City of Aspen, 146 F. 8, 76 C. C. A. 516, 8 Ann. Cas. 660.

[4] Does the bill show any peculiar circumstances or claims especially cognizable in equity upon which complainant was entitled to relief which could not be secured at law? We turn first to the claim for an accounting. Wherever at law the subject-matter cannot be fully investigated, a court of equity has discretion to decree an accounting. 1 C. J. p. 612, § 56. The general rule is "that a proper case is presented when the remedies at law are inadequate."

Equity jurisdiction for an accounting is quite generally based on one of three grounds, viz.: (1) Need of a discovery; (2) complicated character of accounts; (3) existence of fiduciary or trust relationship. The rule is clearly stated, 1 C. J. p. 633, § 98, as follows: "The bill or complaint must take a case calling for the exercise of the peculiar powers of a court of equity; that is to say, it must show either that no legal remedy exists, or that the legal remedy is not complete, or is not as efficient and practicable as the remedy in equity, as that a discovery is necessary, or that the accounts are mutual or complicated, or that a fiduciary relation exists between the parties." London Guarantee & Accident Co., Ltd., v. Bell Telephone Co. of Buffalo (C. C.) 171 F. 278; Butler

Bros. Shoe Co. v. United States Rubber Co., 156 F. 1, 84 C. C. A. 167.

While the jurisdiction of equity as to accounting has been much enlarged, and is generally concurrent with courts of law, not every controversy as to accounting is cognizable in equity. The mere existence of an account or the claim for accounting does not of itself confer jurisdiction in equity to the exclusion of law. Each particular case must be determined by the facts peculiar to it, having in mind the adequacy or inadequacy of the remedy at law.

No discovery is prayed in this complaint, and no facts alleged upon which discovery could properly be had. The statement of 1 Pomeroy's Equity Jurisprudence (4th Ed.) § 229, enunciates the doctrine as to discovery as follows: "In the first place, the rule is settled in those American courts which admit the general doctrine that when the action is one cognizable at law, in which the rights and remedies are legal, and which does not otherwise belong to the equitable jurisdiction, but which the plaintiff brings in a court of equity under the doctrine that a discovery of itself enables equity to extend its concurrent jurisdiction over the whole cause, he must allege that the facts concerning which he seeks a disclosure are material to his cause of action, and that he has no means of proving those facts by the testimony of witnesses or by any other kind of evidence used in courts of law, that the only mode of establishing them is by compelling the defendant to make disclosure, and therefore that a discovery by suit in equity is indispensable. Without these allegations the plaintiff cannot avail himself of the doctrine, and obtain relief as a consequence of the discovery. Nor are these allegations a mere empty form, a mere fiction of pleading; they may be controverted, must be supported by proof, and, if disproved, the whole foundation for the equitable interference in the case would fail." See, also, Galion Iron Works Co. et al. v. Ohio Corrugated Culvert Co. et al., 244 F. 427, 157 C. C. A. 53.

The court in its memorandum opinion said: "Neither does there appear by the bill of complaint a situation in which an accounting could be sought in equity. The accounts are not complicated, but, on the other hand, the alleged obligations are well-defined and distinct, and the accounts are all on one side." No mutual, intricate, or complicated accounts are shown by this bill, such as are necessary to support an accounting in equity. Hunton et al. v. Equitable Life Assur. Soc. of the United States (C. C.) 45 F. 661;

Pittsburgh, C. & St. L. R. Co. et al. v. Keokuk & H. Bridge Co., 68 F. 19, 15 C. C. A. 184; American Spirits Mfg. Co. v. Easton et al. (C. C.) 120 F. 440; Peters v. Equitable Life Assurance Society of the United States (C. C.) 149 F. 290; Morris & Co. v. Whitley et al. (C. C.) 182 F. 286; Carey v. McMillan (C. C. A.) 289 F. 380. .

[5] Any recovery by plaintiff against the bank is based on certain promissory notes—a purely legal demand. There is nothing intricate nor complicated about them. There is no allegation for an accounting for profits realized by Luikart and Nicholson from their alleged fraudulent transactions. The question of recovery on these notes is one to be determined at law, and already has been determined as to 17 of them. There is no fiduciary relationship alleged as between plaintiff and the bank, and no allegation as to the other defendants for an accounting between them, as trustees, and plaintiff. For the reasons we have stated, we conclude that equity jurisdiction could not be sustained on the theory that the suit was one for an accounting.

[6] To avoid a multiplicity of suits is a common ground of equitable jurisdiction. It is based on the theory of protecting complainant against vexatious litigation. Here it is to be observed that 24 suits have been brought and 17 disposed of. Seven are now pending, so that the multiplicity has been somewhat reduced. Speaking of this cause for equity jurisdiction in Hale v. Allinson, 188 U. S. 56, 77, 23 S. Ct. 244, 252, 47 L. Ed. 380, the Supreme Court said: "It is easy to say it rests upon the prevention of a multiplicity of suits, but to say whether a particular case comes within the principle is sometimes a much more difficult task. Each case, if not brought directly within the principle of some preceding case, must, as we think, be decided upon its own merits, and upon a survey of the real and substantial convenience of all parties, the adequacy of the legal remedy, the situations of the different parties, the points to be contested, and the result which would follow if jurisdiction should be assumed or denied." Watson et al. v. Huntington et al., 215 F. 472, 131 C. C. A. 520; Galion Iron Works Co. et al. v. Ohio Corrugated Culvert Co. et al., 244 F. 427, 157 C. C. A. 53; Carey v. McMillan (C. C. A.) 289 F. 380.

It is reasonably apparent, and is urged with force, that these 7 suits now pending could be joined under the Wyoming statutes; hence that equity would be merely awarding the same relief as provided by law. It is a fundamental proposition that "equity will not take jurisdiction for the purpose of awarding substantially the same relief that may be obtained at law." Pomeroy's Eq. Jurisprudence (4th Ed.) § 251¾.

Section 5606 of the Compiled Statutes of Wyoming provides for uniting causes of action under certain circumstances, and section 5713 of said Compiled Statutes of 1920 is as follows: "When two or more actions are pending in the same court, the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated; and if it appears that at the time the motion is made the actions could have been joined, and if the court, or a judge thereof, find that they ought to be joined, the several actions shall be consolidated."

Under the facts of this case, the question of a multiplicity of suits not being raised until 17 of them had been disposed of and judgments rendered against plaintiff, 7 only now remaining, and further, in view of the Wyoming statute relating to consolidation thereof, we do not think that the question of a multiplicity of suits is sufficient to give the court jurisdiction to entertain this bill as one in equity. Town of Mt. Zion et al. v. Gillman (C. C.) 14 F. 123.

[7, 8] As to the question of fraud, upon which plaintiff bases claim to equitable jurisdiction, it may be said that, if there is a plain, speedy and adequate remedy at law, there is no concurrent jurisdiction in equity, and the courts have quite generally held that where a money recovery only is sought, and the amount can be recovered in a law action, the ground of fraud will not be sufficient in itself to maintain a bill in equity, nor will it be where the fraud as a defense at law can be pleaded in complete relief. 21 C. J. p. 109; Buzard v. Houston, 119 U. S. 347, 352, 7 S. Ct. 249, 30 L. Ed. 451; Manchester Fire Assur. Co. v. Stockton Combined Harvester & Agricultural Works (C. C.) 38 F. 378.

The bill alleges fraudulent conduct of Luikart and Nicholson, by virtue of which they secured a transfer of the bank from plaintiff to them, and augmented its assets by the wrongful transfer of securities from plaintiff to the bank. Were these the facts, then plaintiff could have tendered back what it had received under the contract and sued for cancellation thereof, or it could have sued for damages sustained by reason of the fraud. As far as the complaint shows, there has been no attempt to cancel and rescind the contract transferring the bank from plaintiff to Nicholson.

[9, 10] One other ground remains for consideration, viz. the question of whether equitable jurisdiction can be sustained on the theory that this is an action to quiet title. The bill of complaint is most indefinite in that there is no allegation that either plaintiff or defendants are in possession of, or that the premises are unoccupied. 5 Ruling Case Law, p. 642, § 10, says as to this: "It is the familiar doctrine of the federal courts that there is no jurisdiction of bills quia timet, unless their aid is required to remove obstacles that prevent a successful resort to an action of ejectment, or when, after repeated actions at law, their jurisdiction is invoked to prevent a multiplicity of suits, or there are other specific equitable grounds of relief; that bills quia timet or to remove a cloud from a legal title cannot be maintained in such courts by one not in possession, because the law gives a remedy by ejectment, which is plain, adequate, and complete." United States Min. Co. v. Lawson et al. (C. C.) 115 F. 1005; Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873.

The bill alleges that judgments have been obtained against plaintiff in the state court and executions issued and the land of plaintiff sold. There was no supersedeas in said cases, although appeals were taken. The Wyoming statute on this subject is as follows:

"Sec. 5989. *Reversal Not to Affect Sale.— Restitution.* If a judgment, in satisfaction of which lands or tenements are sold, be thereafter reversed, such reversal shall not defeat or affect the title of the purchaser; but in such case restitution shall be made by the judgment creditor of the money for which such lands or tenements were sold, with lawful interest from the day of sale."

Therefore if the appeals result in a reversal of the judgments the title of the purchasers at execution sale will not be affected under the Wyoming law. Under the allegations of the bill and the applicable law of Wyoming, the contention as a basis of equitable jurisdiction that the bill seeks to quiet title is not sufficient.

The question of estoppel is raised by appellees. As it is not involved in the question of the sufficiency of the complaint, we do not discuss it.

[11] We agree with the trial court that the amended bill fails to state facts sufficient to entitle plaintiff to the relief sought in equity, and discloses that plaintiff has an adequate remedy at law. While it is urged that equity has jurisdiction of this cause as an action for an accounting, or to prevent a multiplicity of suits, or on account of fraud, or to quiet title, the fact is that this case (whatever it may be called) is based on the alleged fraudulent acts of defendant Luikart in conjunction with defendant Nicholson with relation to the transfer of securities from plaintiff to defendant bank, which acts plaintiff asserts have caused it damage, and for which damage it is seeking to recover. Such damages, however, are recoverable, if at all, in an action at law. United States v. Bitter Root Development Co., 200 U. S. 451, 26 S. Ct. 318, 50 L. Ed. 550; Curriden v. Middleton, 232 U. S. 633, 34 S. Ct. 458, 58 L. Ed. 765.

[12] Plaintiff suggests in its brief that the order dismissing the bill was erroneous in any event; that under equity rule 22 a suit in equity that should have been brought at law must be transferred to the law side of the court and not dismissed. Said rule is as follows: "If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

In Pierce v. National Bank of Commerce in St. Louis (C. C. A.) 268 F. 487, 489, this court said: "Did the complaint state facts sufficient to constitute a cause of action, either at law or in equity, for if it stated a cause of action at law, this case should have been transferred to the law side of the court, and there proceeded with. The fact that a complainant in equity has an adequate remedy at law is no longer sufficient ground for the dismissal of the suit." United States v. Utah Power & Light Co. (D. C.) 208 F. 821; Equitable Trust Co. of New York v. Denver & R. G. R. Co., 250 F. 327, 162 C. C. A. 397.

If the bill stated a cause of action at law it would have been the court's duty to transfer the case to the law side, or if the plaintiff had asked permission of the court to file an amendment to the bill, or a substituted bill conforming the suit brought in equity to one at law it would have been the court's duty to grant the same. Section 274a of the Judicial Code (Comp. St. § 1251a) provides as follows: "That in case any of said courts shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to

amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. The cause shall proceed and be determined upon such amended pleadings. All testimony taken before such amendment, if preserved, shall stand as testimony in the cause with like effect as if the pleadings had been originally in the amended form." Referring to this section, and also to section 274b of the Judicial Code (Comp. St. § 1251b), the Supreme Court said in Liberty Oil Co. v. Condon Nat. Bank, 260 U. S. 235, 243, 43 S. Ct. 118, 121, 67 L. Ed. 232: "To be sure, these sections do not create one form of civil action as do the Codes of Procedure in the states, but they manifest a purpose on the part of Congress to change from a suit at law to one in equity, and the reverse, with as little delay and as little insistence on form as possible, and are long steps toward Code practice."

In view of the fact, however, that the amended bill does not state a cause of action at law, and further that plaintiff did not ask to be permitted to amend the same to conform to the proper practice, but stood on the bill, and waived its right to amendment there was nothing for the court to do but to dismiss the bill of complaint.

The case is affirmed.

STONE, Circuit Judge (concurring). I concur in the opinion of Judge KENYON, and wish to add only emphasis to one or two matters covered therein.

The bill does not deal with one legal transaction, but with many. These transactions are of different characters; they differ as to legal stages and conditions; they do, or may, differ as to many material facts. As to the suits which have gone to judgment, it is obvious that appellant has presented and litigated the very questions here sought to be raised. These questions are now before the Supreme Court of Wyoming and will be before this court if appellant has carried out its expressed intention of bringing here for review the judgments in the two cases determined against it in the federal District Court. Where a party has thus had ample opportunity to present, and has presented, his contention to other courts of competent jurisdiction, it would lead only to confusion and conflict to permit these same contentions between the same parties and concerning these same matters to be again litigated. To grant the relief asked concerning the title to the land sold under execution would be to afford appellant the benefit of a supersedeas in litigation in the state court, where it had an opportunity to secure such and had not done so, and would be unjustifiable interference with the orderly processes of the state court. Other of the transactions are based on separate promissory notes given, and dealt with at different times.

I can see no basis for legally combining them in a single bill in equity or in one petition at law. If these various matters had been lodged as different actions at law, there might be reasons of practical convenience to consolidate such actions for trial. If a single action at law for damages had been filed, and these various transactions treated as separate items of damage, there might possibly have been stated some common basis or ground for recovery. However, neither of these things was done, so the court could not hear the cause in equity, nor transfer it to the law side of the court.