E. L. LESLEY, JENNIE K. LESLEY, HIS WIFE, W. C. BASS, ARAMINTA E. BASS, HIS WIFE. AND KISSIMMEE CATTLE COMPANY, A CORPORATION, *Appellants*, v. T. J. PARKER, *Appellee.*

Opinion filed February 21, 1919.

A Bill in Equity which contains a prayer for a subpoena against the defendants requiring them to appear and answer is not amenable to the objection that it is defective as omitting a general interrogation.

An Appeal from the Circuit Court for Osceola County, J. W. Perkins, Judge.

Affirmed.

*Johnston & Garrett,* for Appellants.

*Wilson & Swearingen,* for Appellee.

PER CURIAM—The tendency of the present day pleading and practice is towards simplicity. The vital and indispensable parts of a bill are the stating part and prayer for relief. 10 R. C. L. 411; Comstock v. Herron, 45 Fed. 661.

Rule 18 Circuit Court Equity Actions expressly renders the confederacy clause, the charging part and the jurisdictional clause unimportant to be alleged. The interrogatory part of the bill has become useless because of the practice of waiving sworn answers and the right to obtain evidence from the defendant by making him a witness at a hearing or procuring his depositions.

That the defendant shall answer the bill fully when he is brought into court by subpoena pertains to the very nature and purpose of the bill. Theoretically the court inspects the bill and directs subpoena to be issued. That writ commands the defendant to appear and answer.

The bill filed in this case contained in substance a general interrogatory coupled with the prayer for process, which is sufficient to save it from the objection made by appellants, even if the interrogatory part of the bill was important.

Affirmed.

All concur.